D. N. EDWARDS *et al. v.* WILLIAM D. DAVIS *et al.*

(*Jackson.* April Term, 1922.)

1. **CONSTITUTIONAL LAW.** Schools and school districts. Act providing for payment of part of school taxes to town as sinking fund for bonds held void.

Acts Extra Sess. 1920, chapter 83, section 12, providing that twenty per cent. of taxes levied for school purposes are to be paid to the town as a sinking fund for school bonds, *held* unconstitutional as making property owners outside the corporate limits contribute to the town's indebtedness and to deprive them of property *without due process of law.* (*Post, pp.* 622, 623.)

2. **STATUTES.** Entire statute void where valid part would not have been enacted without remainder.

Where only a part of a statute is void and the residue is so connected and dependent with the void part that it cannot be presumed that the legislature would have passed the one without the other, both are void. (*Post, pp.* 622, 623.)

Acts cited and construed: Acts 1920, ch. 83, sec. 12; Acts 1907, ch. 238; Acts 1909, ch. 105.

Cases cited and approved: Burkholtz v. State, 84 Tenn., 71; Jones v. Memphis, 101 Tenn., 188; State v. Scott, 98 Tenn., 254; Reelfoot Lake, etc. v. Dawson, 97 Tenn., 151.

3. **STATUTES.** Statute in part void will no be sustained unless remainder complete in itself.

The upholding of a part of an act is not favored, where a portion is unconstitutional, and it will not be sustained unless that which remains is complete in itself, capable of being executed in accordance with the apparent legislative intent wholly independent of that which is rejected. (*Post, p.* 623.)

Case cited and approved: Malone v. Williams, 118 Tenn., 390.

Edwards v. Davis.

4. **STATUTES.** Taxing law containing void section held entirely void. Since Acts Extra Sess. 1920, chapter 83, section 12, devoting a portion of school district taxes to sinking funds for bonds, is void and if elided and section 7 is allowed to stand taxpayers would be required to pay a tax part of which could be devoted to no purpose, it cannot be presumed that the legislature would have passed the act except with such section 12, and hence the entire act is void. (*Post, pp.* 623, 624.)

5. **STATUTES.** School taxing law held void as to title. The purpose of section 12 of Acts Extra Sess. 1920, chapter 83, relating to the establishment of a high school and to support thereof, being to devote funds collected to illegal uses, which purpose is not expressed in the title and is antagonistic to the subject expressed therein, the act is within the prohibition of Constitution article 2, section 17, requiring the subjects of acts to be expressed in the title. (*Post, pp.* 623, 624.)

6. **STATUTES.** Provisions as to subject and title applicable to amending act only where act amendatory upon its face. Where an act does not purport to be an amendatory act, it is not necessary that the substance or title of the amended act should be embraced in its title; the constitutional provision applying only when the act is amendatory upon its face. (*Post, p.* 625.)

Case cited and approved: Greenwood v. Rickman, 235 S. W., 425.

---

FROM GIBSON.

---

Appeal from the Chancery Court of Gibson County— HON. V. H. HOLMES, Judge.

EDWARD SMITH, for appellants.

TAYLOR, TAYLOR & ADAMS, for appellees.

MR. L. D. SMITH, Special Judge, delivered the opinion of the Court.

The complainants in the original bill, the sufficiency of which was challenged in the chancery court by demurrer, are property owners and taxpayers in the Medina special school district of Gibson county, a *quasi*-municipality created by chapter 83 of the Acts of the Extra Session of the General Assembly 1920. By the provisions of that act property owners within the boundaries of the school district described therein are liable to pay taxes upon their property at the rate of forty cents on the $100 worth for the payment of certain specified obligations. These taxes are delinquent under the provisions of the act, and the defendant trustee had placed said taxes in the hands of a deputy sheriff for collection. The seriff had already levied upon the property of some of the complainants and advertised it to be sold to enforce the collection of said taxes when the original bill in this cause was filed. The bill was filed for the purpose of enjoining the collection of this forty-cent tax levied by the act, upon the ground that the act of the legislature is unconstitutional in certain respects, and therefore invalid and void. The constitutionality of the act was challenged in a number of respects.

The demurrer placed in issue before the chancellor the constitutional infirmaties alleged to exist in this enactment. Some of the grounds of the demurrer were sustained and others overruled.

In order to an understanding of the chancellor's decision it is necessary to recall some of the provisions of the act and the infirmaties pointed out by the bill.

By section 1 a special school district is created and established, embracing in its boundaries a part of the first and second civil districts of Gibson county and including the city of Medina.

By section 2 a board of trustees is provided for and charged with the duty of establishing and maintaining a high school, with authority to purchase real estate and erect buildings, etc., making provisions for officers of the board.

Section 6 provides that an enumeration of the scholastic population shall be filed with the trustee of the county, and that the said trustee shall apportion to the district its *per capita* or *pro rata* share of all school funds that come into his hands.

By section 7 provision is made for supplementing the school funds by leving a tax for the year 1920, and for each subsequent year thereafter, of forty cents on every $100 worth of taxable property situated within the bounds of the school district, and a poll tax on all male persons between the ages of twenty-one and fifty years within the bounds of said district. All funds derived as aforesaid are required to be paid over to the treasurer of the board of trustees, who is given control of the same in the establishment and maintenance of the school provided for.

By section 12 it is provided: "That twenty per cent. of the tax levied herein for school purposes shall be paid over to the town of Medina, Tenn., for the purpose of creating a sinking fund for the retirement and interest on school bonds."

The bill alleges that at the time of the passage of this act the incorporated town of Medina had issued and sold and was obligated to pay bonds to the amount of $6,000

with interest, with the proceeds of which that town had purchased land for itself and become the absolute owner thereof. These bonds, it was alleged, were sold some time during the year 1910, and have been drawing interest annually since at the rate of between $300 and $400, and that the principal of said bonds is still outstanding and unpaid. It is alleged that this is an indebtedness against the corporation of Medina, Tenn., and that the legislature was without power and authority to levy a poll tax against persons living outside of the town, and tax against property situated outside of the town, to pay any part of this obligation of the town of Medina, and that the act undertakes, in section 12, to do that, and, it is said, the act is therefore violative of section 21, article 1, which prohibits any man's property from being taken and applied to public use without just compensation.

The constitutionality of the act is also challenged upon the ground that it embraces more than one subject, one of which is not mentioned in the caption; that the provisions of the act with reference to the assessment and collection of taxes for the payment of the bonded indebtedness of the town of Medina is a separate and distinct subject, not mentioned in the act, from the subject of creating and establishing a special school district, which is mentioned in the caption. And for this reason it is said the act violates section 17 of article 2, prohibiting bills from becoming laws which embrace more than one subject and that subject to be embraced in the title.

Again, it is said that the act is amendatory in its character, in that it amends the charter of the town of Medina granted by chapter 238 of the Acts of 1907 and amended by chapter 105 of the Acts of 1909, and that the act does

not recite in its caption or otherwise the title or substance of the law amended, and in this respect is violative of section 17 of article 2.

It is further said the act violates section 17 of article 2 in that it amends chapter No. 706 of the Act of 1919, by which the Centerville school district of Gibson county was established, because it is alleged that the act of 1920 establishing the boundaries of the Medina school district takes in and includes a considerable portion of the Centerville school district; that no reference is made in the caption or elsewhere of the substance of the act creating the Centerville school district. In this same connection it is said that if the act is not amendatory of the Centerville school district statute, then it is void, because residents and taxpayers of the common territory are required to carry an unjust burden of taxes not imposed upon other residents of the Medina school district.

The constitutionality of the act is challenged upon other grounds not necessary to specially refer to.

The demurrer of the defendants went to the whole bill and each and every ground of attack alleged therein. The chancellor was of opinion that the second, seventh, eighth, ninth, nineteenth, and twentieth grounds of the demurrer were not well taken. The second ground of the demurrer was to so much of the bill as made the town of Medina a party. The seventh was as to so much of the bill as sought to have the act declared unconstitutional and void because it levies and seeks to have levied, assessed, and collected a poll tax on all residents between the ages of twenty-one and fifty outside of the boundary of Medina, and to have levied and assessed a tax upon the taxable property located outside of the corporation of Medina for the purpose

of raising money to pay the bonded indebtedness of that town. The eighth ground of the demurrer went to that portion of the bill which charged that the town of Medina had issued bonds and with the proceeds thereof purchased a lot and erected a building. The ninth ground of the demurrer was to that part of the bill which sought to have the act declared unconstitutional and void because a part of the tax levied under said bill was applied upon the indebtedness of the municipal corporation of Medina. The nineteenth ground was to that part of the bill which sought to enjoin the town of Medina from receiving any part of the funds from the trustee, and the trustee from paying over the same. The twentieth ground was that there was no equity on the face of the bill. All other grounds of the demurrer were sustained, and upon this action the chancellor decreed:

"That so much of the bill as seeks any relief other than to have the board of trustees of the Medina special school district enjoined from paying over to the town of Medina and to have the town of Medina enjoined from receiving any portion of the taxes collected under the provisions of chapter 83 of the Acts of Tennessee, Extra Session 1920, be and the same is dismissed; and the injunction heretofore issued in this cause is dissolved, except in so far as it enjoins the said board of trustees from paying over and the said town of Medina from receiving any portion of said taxes."

From this decree the complainants only have appealed to this court. It necessarily follows from the decree of the chancellor that section 12 of the act was deemed by him violative of the Constitution. It will be remembered that that section of the act requires twenty per cent. of the tax

levied thereunder to be paid over to the town of Medina for the purpose of creating a sinking fund for the retirement and interest on school bonds, since the bill only sought to prevent this result upon the ground that the act did in this respect violate the Constitution.

We have, therefore, a decree unappealed from by the defendants that this provision of the act is unconstitutional and void. Whether his decree may be so treated or not, we think that provision of the act is unconstitutional. The legislature is without power to compel others than residents and property owners to pay taxes for retirement of the bonded or other indebtedness of the municipality. They derive no benefits whatever therefrom. They are given no rights in or use of the property. It is the obligation and indebtedness of the people and property owners within the corporate limits of the town, and they alone are liable therefor. To undertake to make citizens and property owners outside the corporate limits contribute to the discharge of the town's indebtedness would be to deprive them of property without due process of law, and that is what section 12 purports to do. What the effect might be if the property had been transferred to the school district we are not called upon to say, and do not decide. This provision being unconstitutional, is not the whole act rendered invalid thereby? Under the provisions of section 7 a tax of forty cents on every $100 worth of taxable property and a poll tax on all persons between the ages of twenty-one and fifty years within the bounds of the district are levied. Under section 12 twenty per cent. of this tax is directed to be paid over to the town of Medina to create a sinking fund for the retirement of school bonds and interest. The purpose, as it is recited in

section 7 of this act, is to supplement the school fund to the end that school terms may be extended and continued nine months, if possible, as a free public school.  The provision of section 12, devoting a portion of this fund to the discharge of the indebtedness of the town of Medina, might be elided and the remainder of the act held valid if it could be said that the legislature would have passed the law at all with the provisions of section 12 omitted. Where only a part of a statute is void and the residue is so dependent and connected with the void part that it cannot be presumed that the legislature would have passed the one without the other, then both would be void.  A statute fails *in toto* where its enforcement is impractical on account of the limitation of an unconstitutional provision.  When the provisions of an act are so interdependent as to raise the presumption that the legislature intended the act to operate as a whole and would not have enacted the valid provisions alone, the entire statute must be adjudged invalid.  *Burkholtz* v. *State*, 16 Lea, 71; *Jones* v. *Memphis*, 101 Tenn., 188, 47 S. W., 138; *State* v. *Scott*, 98 Tenn., 254, 39 S. W., 1, 36 L. R. A., 461; *Reelfoot Lake, etc.*, v. *Dawson*, 97 Tenn., 151, 36 S. W., 1041, 34 L. R. A., 725.

The upholding of a part of an act is not favored where a portion is unconstitutional.  In such case it will not be sustained unless that which remains is complete in itself,, capable of being executed in accordance with the apparent legislative intent wholly independent of that which is rejected.  *Malone* v. *Williams*, 118 Tenn., 390, 103 S. W., 798, 121 Am. St. Rep., 1002.

Section 12 undertakes to make disposition of the fund collected under the provisions of section 7 to an illegal

purpose, and it cannot be presumed that the Legislature would have fixed a tax at forty cents, or levied a poll tax, except in connection with the purpose of devoting a portion thereof to the payment of the indebtedness of the town of Medina. If forty cents on $100 worth of property and a poll tax on residents between the ages of twenty-one and fifty years was deemed sufficient and proper to take care of the extension of the school period and create a sinking fund to discharge interest on bonds, it would have been more than sufficient if we exclude the devotion of a portion of it to a sinking fund. Twenty per cent. of the entire tax is, by section 12, devoted to the latter purpose, and if we elide that provision of the act and leave section 7 to stand, taxpayers are required to pay a tax twenty per cent. of which can be devoted to no purpose whatever. So, we think this provision of the act being unconstitutional, the entire act must fail. Furthermore, no reference is made in the caption of this act to the subject of raising a fund to pay the bonded indebtedness, or any portion thereof, of the town of Medina. It is in fact not germane to the general purpose of the bill, which is to establish a special school district and provide for the maintenance of schools in that district. The purpose of section 12 is to devote some of this fund for an outside and illegal purpose. Therefore, it may very properly be said to relate to a different subject and to a subject which is antagonistic to the other subject, and, therefore, within the prohibition of section 17 of article 2, and in this view the entire law must fail. A different view might be taken if the act had made provision for devoting the school building which was purchased with the bonds to be paid to the uses of the entire school district.

We concur in the views of the chancellor that the act is not unconstitutional in any of the other respects challenged by the bill in this cause. The act does not purport to be an amendatory act, and therefore it is not necessary that the substance or title of the amended act should be embraced in its title. The provision of the Constitution with respect thereto applies only when the act is amendatory upon its face. *Greenwood* v. *Rickman* (Tenn.), 235 S. W., 425.

The mere fact that the school district embraces territory within another district provided by some previous act does not bring the questioned act within the rule. Neither is it violative of any other provision of the Constitution, since the act in question, by implication, repeals the previous acts and suspends the operation thereof.

It results that, chapter 83 of the Acts of the Extra Session of the General Assembly of 1920 being unconstitutional and void, no tax could be levied or collected for any purpose, and the bill should have been sustained to the extent of thereunder declaring the act invalid. The decree of the chancellor will therefore be modified so as to overrule the demurrer to the bill in so far as it seeks to enjoin the enforcement of the collection of any taxes against property situated within the boundaries of the special school district and outside the boundaries of the corporation of Medina, and poll tax against residents in said school district outside the corporation of Medina. The costs of the appeal will be paid by the defendant appellants.