Arthur v. State.

LUCILE ARTHUR *v.* THE STATE.

(*Knoxville.* September Term, 1923.)

1. CONSTITUTIONAL LAW. Act providing circuit court with criminal jurisdiction to become effective on vote of electors invalid.

Private Acts 1923, chapter 408, providing a circuit court with criminal jurisdiction, being so framed that it must derive its efficacy from popular vote, cannot be upheld. (*Post, pp.* 431, 432.)

Acts cited and construed: Priv. Acts 1923, ch. 408; Acts 1891, ch. 4.

Case cited and approved: Wright v. Cunningham, 115 Tenn., 445.

2. STATUTES. Private Act undertaking to confer criminal jurisdiction held entirely invalid.

As Private Acts 1923, chapter 408, section 20, undertaking to provide a circuit conrt with criminal jurisdiction provides (section 20) that the act should take effect if indorsed by popular vote the entire act is invalid, as the various provisions of the act are interdependent, and there can be no elision, and this notwithstanding a further provision of the act that, if any part of it should be declared invalid, it should not affect the validity of the act as a whole. (*Post, pp.* 432-434.)

Acts cited and construed: Priv. Acts 1923, ch. 408, secs. 20, 21.

Case cited and approved: Edwards v. Davis, 146 Tenn., 615.

FROM WASHINGTON.

Appeal from the Circuit Court of Washington County.— Hon. D. A. VINES, Judge.

DIVINE & GUINN and PRICE & CHASE, for Arthur.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

By chapter 408 of the Private Acts of 1923 the legislature undertook to provide a circuit court with criminal jurisdiction for certain districts of Washington county, to be held at Johnson City. Prior to this ·act a special chancery and law court had been established at Johnson City by chapter 4 of the Acts of 1891, and chapter 408 of the Private Acts of 1923 was intended as an amendment of the earlier act—to enlarge the jurisdiction of the court already established.

The plaintiff in error was charged with larceny of a dress from a store in Johnson City, and she was indicted for this offense in the circuit court of Washington county, held at Jonesboro, which court, prior to the Act of 1923, had criminal jurisdiction over the whole of Washington county. She pleaded in abatement to the jurisdiction of the circuit court of Washington county, averring that the offense charged against her was cognizable alone in the new court attempted to be created by the Act of 1923. The circuit judge overruled the plea in abatement, holding that the Act of 1923 was unconstitutional, and proceeded to try the case; whereupon the defendant below was convicted of petit larceny, and has appealed in error to this court.

The only question presented to this court is the va-

lidity of chapter 408 of the Private Acts of 1923, and we are of opinion that the trial judge correctly held this act to be unconstitutional and void. The act is rather lengthy, and it is not important to consider its details.

By section 20 thereof, it was provided that an election should be held on the first Monday in May, 1923, for the purpose of ascertaining whether a majority of the legal voters of the county of Washington favored the adoption of the act. This section contained the following provisions:

"If a majority of the lawful voters voting at said election vote 'for the circuit court' then this act shall take effect; but if a majority of the lawful voters at said election vote 'against the circuit court,' then this act shall not take effect and shall not become a law."

The act was passed March 28, 1923, and approved by the Governor March 31, 1923. It cannot be upheld. The matter was fully considered in *Wright v. Cunningham,* 115 Tenn., 445, 91 S. W. 293, and the court there concluded that "no legislative act can be so framed as that it must derive its efficacy from a popular vote." With certain special exceptions, an act so dependent for its effect upon a popular vote must fail. The power of the legislature cannot be so delegated.

There is no controversy in the case about the foregoing statement of the law. It is urged, however, that chapter 408 of the Private Acts of 1923 is a complete act, without consideration of section 20, and it is contended that the court may elide section 20, providing for the popular vote, and sustain the remainder of the act which creates the new court.

Arthur v. State.

We do not think this contention is at all maintainable. There can be no elision where the various provisions of an act are interdependent. In such a case, if one part of the act is bad, all is bad. *Edwards* v. *Davis,* 146 Tenn., 615, 623, 244 S. W., 359, and cases cited. ·

If the portion of the act found invalid is the inducement or consideration for the remainder of the act, then there is no question the whole must go down. Lewis' Sutherland, Stat. Const., section 303.

The plaintiff in error, however, relies on section 21 of the Act of 1923 as follows:

"That if any section or provision of this act shall be decided or declared by the courts to be unconstitutional and invalid the same shall not affect the validity of this act as a whole or any part or section thereof other than the part or section so decided to be unconstitutional and invalid, it being the legislative intent that so much of this act as is legal would have been enacted had such illegal part been decided before its adoption."

Just what effect is to be given such clauses in acts of the legislature we need not determine. We think it clear, however, that they must not be construed so as to defeat what appears to be the paramount legislative intent.

The legislature conditioned the life of the act before us upon the result of the election provided for. There can be no mistake about this. It would be a palpable contempt of the legislative will for us to strike out the election provision from the act and give effect to the act regardless of the election.

Morever, this is not a case in which we hold that a particular section of the act is invalid, and to which we could

Arthur v. State.

apply the ordinary rules of elision.   In this case we hold that the entire act is invalid, by reason of its dependence on section 20.   Section 20 is not a separable part of the act.   The entire act rests upon section 20, and when section 20 is removed the whole structure goes down.

The judgment below is affirmed.