## J. F. DANIEL *v.* BESSIE LARSEN.

(*Knoxville.*   September Term, 1926.)

Opinion filed December 24, 1926.

### 1. CONSTITUTIONAL LAW.   COUNTY STOCK LAW.

A part of a county, to the exclusion of another part, cannot be arbitrarily selected for the application of a stock law. Such statutes are void. (Post, p. 689.)

Citing: Petit v. White County, 152 Tenn. (25 Thomp.), 660.

### 2. CONSTITUTIONAL LAW.   ELISION.

A statute prohibiting live stock from running at large in a county described by census population may not be saved from constitutional objection on account of exclusion of part of the county by a proviso that if the portion of the act making the exclusion should be held unconstitutional by a court of competent jurisdiction it was the legislative intent that the act apply to the whole county. (Post, p. 690.)

Citing: Chapter 585, Private Acts of 1925.

### 3. CONSTITUTIONAL LAW.   COUNTY STOCK LAW.

An Act containing a provision attempting to save it from constitutional objections by providing that if a portion should be held unconstitutional, it will not affect the validity of the Act as a whole, is void as a delegation of power to the court to do what the Legislature declined to do. (Post, p. 691.)

### 4. CONSTITUTIONAL LAW.   ELISION.

A void proviso in an act may be elided only when it can be conceived that the Legislature would have passed the act without the proviso; when after the elision there is a law complete in itself; otherwise the void proviso renders the whole act void. (Post, p. 691.)

Citing: Neely v. State, 63 Tenn. (4 Baxt.), 185; Franklin County v. Railroad, 80 Tenn. (12 Lea), 531; Burkholtz v. State, 84 Tenn. (16 Lea), 73; Jones v. Memphis, 101 Tenn. (17 Pick.), 195; 25 R. C.

L., 587; 6 R. C. L., 129. Lewis' Sutherland Statutory Construction, Vol. 1, section 297; also section 305, quoting from Meshmeier v. State, 11 Ind., —.

5. CONSTITUTIONAL LAW. COURTS. LEGISLATURE.

The power to make laws and classify objects within their provisions is exclusively with the Legislature. The power to extend the provisions beyond their original scope cannot be conferred upon the Court. The Court cannot elide void provisions and give effect to the act so as to extend its provisions. (Post, p. 693.)

Citing: Redell v. Moores, 55 L. R. A., 743.

---

### FROM RHEA.

---

Appeal from the Circuit Court of Rhea County.—HON. L. R. DARR, Judge.

G. C. HARRIS and McKENZIE & McKENZIE, for plaintiff in error.

J. B. SWAFFORD and H. E. HICKS, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff sued in replevin to recover cattle impounded on claim of damages to crops, under a local stock law, chapter 585, Private Acts of 1925. He insists that the claim cannot be enforced because the defendant's premises alleged to have been invaded by the stock are situated within the area excluded from the operation of the law. The defendant insists that a proviso excluding a portion of the county is void and should be elided, and with that done the Act extends to and is effective throughout the county.

(1) It was said in *Petit* v. *White County*, 142 Tenn., 660, that a part of a county, to the exclusion of another

part, cannot be arbitrarily selected for the application of a stock law, and that such statutes are void unless they effect all within the county.

*(2)* The trial judge held the proviso, excluding a part of the county, unconstitutional, but said it was severable and could be elided without impairing the object of the statute, and thereupon found for the defendant.

From the judgment restoring the cattle to the defendant, plaintiff appealed and has assigned errors. The result is dependent upon the validity of the statute in question, which reads:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That it shall be unlawful for any owner or keeper of horses,* mules, cattle, sheep, goats, hogs, or any kind of live stock to run at large in counties of this State, having a population of not less than 13,812 nor more than 13,822 by the Federal Census of 1920, or any subsequent Federal Census. Provided, that this Act shall not apply to all that portion of the counties within the population hereinbefore mentioned, that is as much as 1,800 feet above sea level. If, for any reason, this portion of said Act should be held unconstitutional by a Court of competent jurisdiction, it is intended by the Legislature that it will not affect the validity of the Act; it being expressly stated that the Legislature would have enacted the balance of the Act with this amendment omitted.

*There is a typographical error in the published copy of the Private Acts of 1925, Chapter 585, section 1. As published, this section reads: "That it shall be unlawful for any owner or keeper of horses, mules, cattle, sheep, goats, hogs, or any kind of live stock to run at large, etc." It should read: "That it shall be unlawful for any owner or keeper of horses, mules, cattle, sheep, goats, hogs, or any kind of livestock to allow such animals to run at large, etc."

"Sec. 2. Be it further enacted, That any person wilfully, knowingly, or negligently violating Section 1 of this Act shall be deemed guilty of a misdemeanor, and upon conviction, shall pay a fine of not less than $2 nor more than $10 for each offense.

"Sec. 3. Be it further enacted, That damage done by live stock running at large in any of the said counties shall be, and is, hereby constituted a lien upon such trespassing stock, to be enforced as other liens by judgment at law and execution or attachment.

"Sec. 4. Be it further enacted, That the owner, or agent, in control of such land upon which such live stock is found running at large or trespassing on shall have the right to take up said live stock, giving them good keep, and for which he shall be entitled to a reasonable compensation, which shall be a lien on said live stock, to be enforced as provided in section 3 of this Act."

The object and effect of this Act, as amended by the proviso, was to classify Rhea County for the enactment of a stock law and confine the law to a selected portion of the county. This was coupled with the attempted delegation of power to the court to do what the legislature in the first instance declined to do, that is, extend the Act to the entire county if the proviso, added by way of amendment, should be found void.

(3) A void proviso in an Act, if it can be conceived that the legislature would have passed the Act without the proviso, may be rejected, when, after the rejection, there is a law complete in itself (*Neely* v. *State,* 4 Bax., 185; *Franklin Co.* v. *Railroad,* 12 Lea, 531; *Burkholtz* v. *State,* 16 Lea, 73; *Jones* v. *Memphis,* 101 Tenn., 195); unless the proviso is such as to limit the scope of the Act, so that by striking out the proviso the remainder of the

Act would have broader scope, either as to subjects or territory. In that event, the whole Act is invalid. 25 R. C. L. 587; 6 R. C. L. 129.

After extended discussion of the doctrine of elision, it is said in Lewis' Sutherland Statutory Construction, Vol. 1, section 297:

"If the obnoxious section or part is of such import that the other sections or parts without it would cause results not contemplated or desired by the Legislature, then the entire statute must be held void."

And in section 305, quoting from *Meshmeier* v. *State,* 11 Ind.:

"It would seem that the provisions of the statute held to be constitutional should be substantially the same when considered by themselves as when taken in connection with the other parts of the statute held to be unconstitutional; or in other words, where that part of a statute which is unconstitutional so limits and qualifies the remaining portion that the latter, when stripped of such unconstitutional provisions, is essentially different, in its effect and operation, from what it would be were the whole law valid, it would seem that the whole law should fall. The remaining portion of the statute, when thus stripped of its limitations and qualifications, cannot have the force of law, because it is not an expression of the legislative will. The legislature pass an entire statute, on the supposition, of course, that it is all valid and to take effect. The courts find some of its essential elements in conflict with the constitution; strip it of those elements, and leave the remaining portion mutilated and transformed into a different thing from what it was when it left the hands of the Legislature. The statute thus emasculated is not a creature of the Legislature;

and it would be an act of legislation on the part of the court to put it in force.''

Despite the statement in the Act that it would have been passed without the amending proviso, the Act was not passed without it. The amendment was adopted so as to expressly limit the objects of the Act, and to confine its operation to the selected area to the exclusion of other parts of the county. This evinces the legislative purpose to enact the law in the alternative, and leave it to the discretion of the court to declare its territorial extent.

(4) The power to make laws and classify the objects embraced within their provisions is given exclusively to the Legislature, and the power to extend their provisions beyond their original scope cannot be conferred either by statute or by legislative declaration upon the courts, therefore the court cannot elide the void proviso and give effect to the Act, such as will extend its operation beyond its original conception. *Redell* v. *Moores,* 55 L. R. A., 743.

The proviso, cannot be elided. The partial classification renders the Act void. The judgment of the trial court holding otherwise is reversed and judgment will be entered here for plaintiff with costs.

## CONCURRING OPINION

GREEN, C. J. (5) I agree to the result. An effort to save the Act by eliding the proviso would produce an extraordinary situation. One section of the Act makes its violation a misdemeanor and it is a legislative function to declare what things are criminal. That portion of Rhea County, in which plaintiff grazed his stock, was

excluded from its scope, when this enactment left the Legislature. No such law, as that plaintiff is charged to have transgressed, prevailed in the locality where he is said to have offended. If he is liable to prosecution it will be for an offense brought into being by act of the court, not by act of the Legislature. The court should not create a criminal offense by statutory construction.

I am authorized to say that Justice CHAMBLISS and Justice SWIGGART concur in this opinion.