**WOMACK, County Treasurer, et al. v.
CARSON et al.**
Motion No. 11322; No. 1403—6034.

Commission of Appeals of· Texas, Section B.
April 18, 1934.

For prior opinion, see 65 S.W.(2d) 485.

J. M. Combs, of Beaumont, and A. W. Morris, of Conroe, for plaintiffs in error.

W. N. Foster, of Conroe, E. R. Campbell, of Houston, and A. A. Turner, of Conroe, for defendants in error.

RYAN, Judge.

Plaintiffs in error ask leave to file second motion for rehearing, insisting that we disposed of this case adversely to them "through inadvertence and mistake in three respects, viz:—(1) In that the plaintiffs in error have never stated that Montgomery County is the only county named in the body of the act which at the time of its passage had the requisite population, area and valuation; (2) In that the facts are that the act in question is, in substance, but a part of a general act covering all the counties of the state; (3) In that the facts are that at least six widely scattered counties fall within the classification provided in the act in question at the time of its passage as was conceded by the defendants in error in this cause."

Plaintiffs in error say further:

"These matters were called to the attention of the court in the motion for rehearing duly filed in this cause by plaintiffs in error subsequently to the rendering of the court's opinion in this case, but this motion was overruled on January 24th, 1934, in a single sentence opinion, which was to the effect that the court had carefully considered the matters contained in the motion and was of the opinion that same should be overruled.

"The error of the court in this respect is, it, is submitted, so prejudicial to the rights of the plaintiffs in error as to clearly entitle them to the right to file a second motion for rehearing in this cause."

In our original opinion we said: "In the present case, plaintiffs in error state that Montgomery county is the only county named in the act which, at the time of its passage, had the requisite population, area, and valuation, and Leon county can come within the classification when its valuations amount to $10,000,000 or more, but the fact remains that the basis of population is fixed by the act as shown by the United States census of 1920, and can never apply to any other basis of population in any possible event, is not based on classification, but· on isolation, and is therefore unconstitutional and void. City of Fort Worth vs. Bobbitt, supra."

The statement in the application for writ of error is: "Of the nine counties set out in the above proviso, Montgomery County is the only county named, which at the time of the passage of the act, had the requisite population, area and valuation, and of the others named Leon County, due to having the necessary population and area, could come within the classification at any time when its valuation amounts to $10,000,000 or more."

Plaintiffs in error were referring to the nine counties exempted fom the operation of the statute (Rev. St. 1925, art. 2350b), in arguing that such exemption is void and the act is invalid only in part and to that extent, as expressive of their proposition that the exemption provision is surprise legislation and not the intention of the Legislature; they then state in the application for writ of error that seven of the exempted counties could not and never can come within the

class on account of area (unless their boundaries were changed).

We understand that plaintiffs in error contended that the act is void only in so far as the exempted counties are concerned, because of insufficient caption, but that this should not operate to affect the main body of the act, "because the legislature did not intend to exclude by name, counties to which the act could never apply"; however, it did exclude Montgomery county by name.

We, of course, did not intend to misstate plaintiffs in error's contentions.

This, however, has not convinced us that we were in error in our disposition of the case.

It is our opinion:

■ 1. When the Legislature created a class and decreed regulations for the counties embraced in that class, and then excluded by name, counties embraced within the classification, the result was the enactment of a local or special law, and therefore the Legislature, in attempting to exclude Montgomery county and the other counties from the operation of the act, rendered invalid the entire act and not merely the portion of the act covered by the proviso, as correctly held by the Court of Civil Appeals, on the authority of Hall v. Bell County (Tex. Civ. App.) 138 S. W. 178, expressly approved by the Supreme Court in Bell County v. Hall, 105 Tex. 558, 153 S. W. 121.

In a recently decided case, Texas-Louisiana Power Co. v. City of Farmersville, 67 S.W.(2d) 235, 238, Judge Sharp of the Commission of Appeals quotes with approval Lewis-Sutherland, Statutory Construction (2d Ed.) vol. 1, § 306: " 'If, by striking out a void exception, proviso or other restrictive clause, the remainder, by reason of its generality, will have a broader scope as to subject or territory, its operation is not in accord with the legislative intent, and the whole would be affected and made void by the invalidity of such part.' See, also, Ruling Case Law, Volume 6, p. 129, § 127."

He announced the rule to be that in the construction of a statute, when invalid provisions of a law are severed, in order to save the law, it must be plain that the Legislature would have passed the act with the invalid provisions eliminated, and in seeking the legislative intent the presumption is against any mutilation of a statute; courts will resort to elimination only where an unconstitutional provision interjected into a statute otherwise valid is so independent and separable that its removal will leave the constitutional features and purposes of the act substantially unaffected by the process.

■ 2. The act in question was enacted as, and is, separate and distinct from other acts concerning other classifications and must stand or fall on its own provisions.

■ 3. That the act, while having the form and superficial appearance of a general law, is in fact a special and local law, in that counties which have an area of not less than 1,060 square miles and not more than 1,200 square miles, which did not have a population of 17,000, or more, according to the United States census of 1920, can never come within and be applicable to said statute, irrespective as to how the population may have grown after 1920, and therefore is in violation of section 56, art. 3, of our state Constitution.

We think our original disposition of the case is correct; these matters were considered upon the first motion for rehearing.

We therefore recommend that motion for leave to file second motion for rehearing herein be overruled.

Opinion adopted by the Supreme Court, April 18, 1934.