KAPAUN, Respondent, v. THE FEDERAL LAND BANK OF OMAHA, Appellant.

(269 N. W. 564.)

(File No. 7952. Opinion filed November 16, 1936.)

*Bielski, Elliott & McQuillen* and *Conway, Feyder & Conway,* all of Sioux Falls, and *Clair L. Kintz,* of Omaha, Neb., for Appellant.

*Louis H. Smith,* of Sioux Falls, for Respondent.

CAMPBELL, J.   Plaintiff-petitioner Kapaun owned land in Minnehaha county mortgaged to the Federal Land Bank of Omaha. The Land Bank foreclosed its mortgage and purchased at the foreclosure sale, receiving sheriff's certificate February 13, 1935. Normally the period of redemption would expire and the Land Bank, if it continued to hold the certificate, would become entitled to sheriff's deed on February 13, 1936. On December 11, 1935, the mortgagor sought to avail himself of the provisions of chapter 178, Laws 1935 (commonly known as the "Mortgage Moratorium Law") and filed with the circuit court of Minnehaha county, S. D., his petition asking the court to extend the normal period of redemption and postpone issuance of sheriff's deed to and until March 1, 1937. The Land Bank appeared and resisted such application, but the court nevertheless made and entered the order as requested, from which order the Land Bank has now appealed.

The rationale of the decision below appears to be about as follows.  By its decision in Ellingson v. Iowa Joint Stock Land Bank (1936) 64 S. D. 76, 264 N. W. 516, 517, this court held that mortgages of a joint stock land bank were exempt from the oper-

ation of the Moratorium Law by virtue of the specific language of section 2 thereof, providing that the act should not apply to mortgages held by "any agent, agency, or instrumentality of the United States, or any corporation or association, whose obligations are guaranteed in whole, or in part, by the United States." That opinion very clearly indicated that the same view would be taken by this court with reference to mortgages held by a federal land bank. The learned trial judge accepted, as he was bound to do, the construction of the exemption provision of the Moratorium Law as indicated by this court in the Ellingson Case. Upon that premise he based two legal conclusions which may be summarized as follows: First, that to exempt such mortgages from the operation of the Moratorium Law created and constituted an unlawful and discriminatory classification; second, that in consequence the portion of the law which purported to exempt such mortgages from the operation thereof would be deemed unconstitutional and void and would be treated as nonexistent, with the result that all terms and provisions of the law should be applicable to mortgages held by federal land banks, notwithstanding the legislative attempt to exempt such mortgages from the operation of the law by the specific language of section 2 above quoted.

Whether the first of the conclusions above stated is or is not correct, there is no necessity of deciding in this case, and we specifically refrain from expressing any view whatsoever thereon. But assuming, without deciding, that it was correct, nevertheless the second conclusion above stated is a palpable non sequitur and clearly erroneous.

If, as a matter of law, the attempted exemption of certain mortgages from the operation of the Moratorium Law as provided in section 2 thereof constitutes an unlawful and discriminatory classification, offensive either to the State or Federal Constitution, then the necessary consequence so far as concerns the application and validity of the law must be, not to subject to the provisions of the act those mortgages which the Legislature definitely and specifically stated should not be subject thereto, but to extend the exemption to those who would be unlawfully discriminated against otherwise, deciding then when such question arises whether any workable entity is left to the law or not. The only

department of government that can enact a moratorium law or subject any mortgages thereto is the legislative department. The Legislature of this state has not imposed a moratorium law upon mortgages held by federal land banks—in fact it has said that it would not so do. The courts cannot enact a moratorium law. The act in question contains a "saving clause," which it seems customary nowadays to insert in all legislation with the apparent hope that it may work some not quite understood magic. The language here is found in section 12, reading as follows: "The provisions of this Act are declared to be severable. If one or more provisions shall be found by a Court of competent jurisdiction to be invalid, such decision shall not affect the validity or constitutionality of other provisions." Respondent argues thence that if the exemption provision of section 2 is unconstitutional in that it creates an arbitrary and discriminatory classification, then the result must be that section 2 be deemed stricken from the act and the remainder thereof may stand, whence it will follow that the provisions of the act apply to all mortgages without any exception or exemption whatsoever. This argument of course is entirely fallacious. If there is any unconstitutionality, it does not reside in section 2 of the law, but resides in the law with section 2 in it. The doctrine, that if a part of a law is unconstitutional the remainder may stand if it is a complete and workable entity and if the courts believe the Legislature would have enacted it without the unconstitutional portion, can never properly be used to make the provisions of an act apply to a class which the legislature said should be exempted therefrom merely because of the fact, if it be a fact, that the making of such exemption creates an unconstitutional discrimination. The courts cannot legislate, nor can the Legislature authorize them so to do. The Legislature cannot say to the courts, in substance, "We hereby enact a moratorium law which we specifically state shall not apply to federal land banks. If, however, you should think that the law will not be valid as to other persons unless it is made to apply to federal land banks, then will you please do a little legislating in our behalf and bring those banks under the provisions of the law."

The point is fundamental and elementary. See State v. Doran (1912) 28 S. D. 486, 134 N. W. 53; Estate of Johnson, 139 Cal.

532 (1903) 73 P. 424, 96 Am. St. Rep. 161; Mordecai v. Board of Supervisors (1920) 183 Cal. 434, 192 P. 40; People v. Morgan (1926) 79 Colo. 504, 246 P. 1024; Felts v. Linton (1926) 217 Ky. 305, 289 S. W. 312; State v. Mitchell (1902) 97 Me. 66, 75, 53 A. 887, 94 Am. St. Rep. 481; Safeway Stores v. Vigil (1936) 40 N. M. 190, 57 P. (2d) 287; Edmonds v. Hermbrandson (1891) 2 N. D. 270, 50 N. W. 970, 14 L. R. A. 725; Daniel v. Larsen (1928) 157 Tenn. 690, 12 S. W. (2d) 386; Womack v. Carson (1934) 123 Tex. 260, 269, 65 S. W. (2d) 485, 70 S. W. (2d) 416; State ex rel v. Sank County Board of Supervisors (1885) 62 Wis. 376, 22 N. W. 572; State ex rel Hickey v. Levitan (1926) 190 Wis. 646, 210 N. W. 111, 48 A. L. R. 434; Spraigue v. Thompson (1886) 118 U. S. 90, 6 S. Ct. 988, 30 L. Ed. 115; Connolly v. Union Sewer Pipe Co. (1902) 184 U. S. 540, 565, 22 S. Ct. 431, 46 L. Ed. 679; Davis v. Wallace (1922) 257 U. S. 478, 42 S. Ct. 164, 66 L. Ed. 325; Frost v. Corporation Commission (1929) 278 U. S. 515, 49 S. Ct. 235, 73 L. Ed. 483; Gramling v. Maxwell (D. C. 1931) 52 F. (2d) 256.

The order appealed from is reversed, and the matter remanded, with directions to enter an order dismissing the petition of the mortgagor.

All the Judges concur, excepting RUDOLPH, J., who deems himself disqualified, and does not sit.