CORPORATION OF SEVIERVILLE *v.* KING.

KING *v.* CORPORATION OF SEVIERVILLE.

(*Knoxville,* September Term, 1939.)

Opinion filed December 16, 1939.

(Ordered published January 6, 1945.)

G. L. ZIRKLE, PHILLIP A. WYNN, and O. M. CONNATSER, all of Sevierville, for complainant.

JAMES B. WRIGHT, of Knoxville, and A. M. PAINE, of Sevierville, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The corporation filed its petition to enjoin King from obstructing a roadway lying within the corporate lines as extended by Chapter 285, Private Acts of 1937. King presented several defenses; chief among them an attack

on the constitutionality of the Act of 1937. Thereafter, King filed his bill directly raising this question and seeking an injunction restraining the corporation from opening the disputed way, or collecting taxes on his property lying inside of the contested boundary. The Chancellor consolidated the two causes and held the provision in Section 2 of the Act purporting to exempt from taxation farming lands within the extended boundary unconstitutional; but he further held that this section could be elided and the Act saved. He so decreed and dismissed King's bill. King has appealed.

The body of the Act in question reads:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That the Charter of the Corporation of Sevierville, in Sevier County, Tennessee, the same being Chapter 291 of the Acts of the General Assembly of the State of Tennessee for the year 1901, the caption of which is recited in the caption hereof, be and the same are hereby amended, so that additional territory, or area, shall be included within the territorial limits of said corporation; and that the corporate limits or lines describing the territory included and constituting the corporate lines be and are described as follows: (Description omitted.)

"Sec. 2. Be it further enacted, That all farming lands within the boundary of the Corporation of Sevierville, as herein set out used for farming purposes and not subdivided into city lots are hereby relieved from taxation for any purpose by the Corporation of Sevierville.

"Sec. 3. Be it further enacted, That if for any reason any section, paragraph or clause of this Act should be held to be void, that the same shall in no way affect the valid portions of said Act.

"Sec. 4. Be it further enacted, That all laws and parts of laws in conflict with this Act- be and the same are hereby repealed, and that this Act take effect from and after its passage, the public welfare requiring it."

■ Manifestly, the Chancellor was right in holding Section 2 of this Act unconstitutional and void. Constitution, Article II, Section 28; *Jones* v. *Memphis*, 101 Tenn. 188, 47 S. W. 138; *Allen* v. *Board of Mayor & Aldermen of Smithville*, 140 Tenn. 418, 419, 205 S. W. 124; *Taylor* v. *Chandler*, 56 Tenn. 349, 366, 24 Am. Rep. 308; and others. Was he also right in holding that it could be elided and the Act saved?

While elision has been applied in a number of our cases, as said in *Edwards* v. *Davis*, 146 Tenn. 615, 623, "The upholding of a part of an act is not favored where a portion is unconstitutional. In such cases it will not be sustained unless that which remains is complete in itself, capable of being executed in accordance with the apparent legislative intent, wholly independent of that which is rejected. *Malone* v. *Williams*, 118 Tenn. 390, 103 S. W. 798, 121 Am. St. Rep. 1002." Tested by this rule, in that case the Act as a whole was declared invalid.

*Reelfoot Lake Levee District* v. *Dawson*, 97 Tenn. 151, 36 S. W. 1041, 34 L. R. A. 725, is another illustration of an Act to which elision could not be applied. The Court in that case recognized the doctrine of elision as applicable in a proper case, saying (97 Tenn. at page 179, 36 S. W. at page 1048) : "It is not every act with unconstitutional provisions that must fail *in toto*. If, notwithstanding and without such provisions, there be left enough for a complete law, capable of enforcement, and fairly answering the object of its passage, the courts will reject only the void parts, and enforce the residue." But, the Court proceeded, "We regret that the act before us is not

susceptible of such division and enforcement. Take out the taxing feature, and the act is completely emasculated. A levee district without a levee, or the means of constructing one, is a creature without force or power to exist."

In *Hunter* v. *Conner,* 152 Tenn. 258, 278, 277 S. W. 71, 77, Mr. Justice Cook, speaking for the Court, said: "It is clearly apparent that the provision in the last paragraph of section 4 [held to be unconstitutional] is detached and not interwoven with other provisions, and that the act can stand with it omitted. Elision of this part of the act does not make a *casus omissus.*"

The more recent case of *Clay* v. *Buchanan,* 162 Tenn. 204, 36 S. W. (2d) 91, opinion by the same Justice, in which amendments to the charter of the Town of Lebanon were considered, affords an illustration of what may and may not be elided and the Act saved. We quote the following (162 Tenn. at page 210, 36 S. W. (2d) at page 92):

"As originally enacted, the amendatory charter of 1929 contained so many far-reaching unconstitutional provisions that it could not be reasonably inferred that the Legislature would have passed the act with those provisions omitted, and so the doctrine of elision could not have been applied, notwithstanding the legislative declaration found in section 14, of article 12, on page 2051 of the Private Acts of 1929, chap. 685. 1 Lewis' Sutherland Statutory Construction, 583.

"But by chapter 1, Extraordinary Session of 1929, passed December 6, the Legislature struck out of the amendatory charter all of the provisions which complainants say rendered the act void, except sections 1 and 2 of article 1. These sections are distinct and readily severable and may be elided if they do in fact contravene

148

constitutional rights as alleged in the bill., *State* v. *Trewhitt*, 113 Tenn. [561], 571, 82 S. W. 480.

"With sections 1 and 2 if, unconstitutional, elided, and with the other objectionable provisions stricken by the legislative amendment referred to, chapter 685 of the Private Acts of 1929 is valid and provides a new form of government by a city council composed of the mayor and aldermen."

The case before us is not of the class referred to by Chief Justice Green in his opinion in *Heymann* v. *Hamilton Nat. Bank*, 151 Tenn. 21, 28, 266 S. W. 1043, 1045, when he said: "Some of us do not believe that elision is permissible to save an act otherwise bad under the two-subject clause of the Constitution." But it is subject to be tested by the general rule he lays down when he says: "Certainly elision is not permissible in any case if the result so attained will defeat the legislative intent," citing *Malone* v. *Williams*, 118 Tenn. 390, 103 S. W. 798, 121 Am. St. Rep. 1002; *Spicer* v. *King Bros. & Co.*, 136 Tenn. 408, 189 S. W. 865; *Edwards* v. *Davis*, 146 Tenn. 615, 244 S. W. 359, and cases there cited.

As bearing on the test of "legislative intent," we think the saving clause in Section 3 must be given consideration as a declaration of such intent. It is true, as held in *Arthur* v. *State*, 148 Tenn. 434, 437, 256 S. W. 437, 438, that even such an express declaration of legislative intent cannot be followed if the effect will be to "defeat what appears to be the paramount legislative intent." In the *Arthur Case*, the Act considered provided for a local court with criminal jurisdiction, but made the act effective only upon a popular election. Holding this provision of the Act void, the Court properly refused to elide this provision for the vote and sustain the Act, because it plainly appeared that, "The Legislature condi-

ditioned the life of the Act . . . upon the result of the election provided for." The opinion proceeds: "It would be a palpable contempt of the legislative will for us to strike out the election provision from the act and give effect to the act regardless of the election. Moreover, this is not a case in which we hold that a particular section of the act is invalid, and to which we could apply the ordinary rules of elision. In this case we hold that the entire act is invalid, by reason of its dependence on section 20. Section 20 is not a separable part of the act. The entire act rests upon section 20, and when section 20 is removed the whole structure goes down."

■ But, an inspection of the Act before us does not disclose that the apparent primary purpose of the legislature to enlarge or extend the boundaries of this corporation would be defeated by the elision of the exemption embodied in Section 2. There is no element of interdependence here. The life of this Act is certainly not conditioned on Section 2. With this objectionable provision out, the Act is complete and readily susceptible of enforcement.

We are impressed in the instant case that the provision in Section 3 was inserted with special reference to that in Section 2. It seems apparent that it was the intention of the legislature to declare that, if the exemption proposed by Section 2 should be held void, it should be elided and the Act should be otherwise sustained. It is obvious that Section 3 could have been intended to apply only to Section 2. There is no other paragraph or clause of this Act as to which any possible doubt of constitutionality could have existed in the mind of the legislature. We find no error in the decree of the Chancellor upholding the Act.

■ By another assignment, appellant King challenges the right of the corporation to proceed with its improve-

ment of the street adjacent to his property for alleged want of dedication of this strip to street purposes. We agree with the Chancellor in overruling this objection. Mr. King had recognized the existence of that strip as a roadway by procuring and acting under a resolution of the county court permitting him to obstruct it temporarily. He has no title to this strip. By a general enactment the corporation authorities had taken over and authorized the improvement of this way as a public street. Mr. King is without standing to restrain its improvement. The decree of the Chancellor must be affirmed.

GREEN, C. J., and DEHAVEN, J., concur.

COOK and McKINNEY, JJ., dissent from the foregoing opinion upon the authority of *Arthur* v. *State*, 148 Tenn. 434, 256 S. W. 437; *Daniel* v. *Larsen*, 157 Tenn. 690, 12 S. W. (2d) 386; *Clay* v. *Buchanan*, 162 Tenn. 204, 210, 36 S. W. (2d) 91, and *Spring Hill Cemetery* v. *Lindsey*, 162 Tenn. 420, 37 S. W. (2d) 111, in which cases the Court declined to apply the elision doctrine, notwithstanding the acts under consideration contained declarations that if any portion be declared invalid it shall not affect the validity of the remaining portions. They are of the opinion that the legislature would not have passed the Act with Section 2 omitted.