STATE *ex rel.* WEAVER *et al. v.* CITY OF KNOXVILLE *et al.*

(*Knoxville,* September Term, 1944.)

Opinion filed June 9, 1945.

K. E. Steinmetz, of Knoxville, for complainant, appellant here.

Wayne Parkey and James P. Brown, both of Knoxville, for defendant.

Mr. Chief Justice Green delivered the opinion of the Court.

Proceeding under Chapter 33 of the Acts of the First Extra Session of 1935, amended by Chapter 230 of the Acts of 1937, the City Council of Knoxville passed a resolution authorizing the purchase of the properties of the Knoxville Gas Company and an issue of $450,000 of bonds to pay for the same. This is a *mandamus* suit brought to compel the council to reconsider this action or to submit the matter to a vote of the citizens under referendum provisions of the city charter. The chancellor dismissed the bill on demurrer and the relators have appealed to this Court.

The first assignment of error questions the ruling of the chancellor that *mandamus* does not lie to compel the reconsideration of such action by a city council. If, as the chancellor held, the relators are entitled to no relief herein, the availability of the remedy they sought to employ is not material.

The second assignment of error makes the point that relators are entitled under the city charter to have this transaction submitted to a referendum before it is put through. The third assignment advances the proposition that the purchase of the gas plant and the issuance of the bonds is an undertaking that, under its charter, the city can only accomplish by an ordinance passed by

the council on two readings at two meetings—not by a resolution at one meeting as was here attempted.

If these contentions might formerly have prevailed, we think the chancellor properly held that the charter provisions upon which they rest were superseded by the act of 1935 as will presently appear. His honor observed that the resolution authorizing the purchase of the properties and the issue of bonds was in entire conformity with the provisions of the act of 1935 and the amendatory act of 1937. Relators do not challenge this as a finding of fact, but they say these statutes are invalid.

We doubt that the charter provisions on which assignments of error 2 and 3 are based are applicable to the bond issue here involved. Those charter provisions seem to relate to bonds which are general obligations of the city, supported by taxes. As to the bonds here to be issued, Section 9 of the Act of 1935 says:

"That no holder or holders of any bonds issued under this Act shall ever have the right to compel any exercise of taxing power of the municipality to pay said bonds or the interest thereon. Each bond issued under this Act shall recite in substance that said bond, including interest thereon is payable from the revenue pledged to the payment thereof, and that said bond does not constitute a debt of the municipality within the meaning of any statutory limitation."

If there is any conflict between the statutes incorporating the City of Knoxville and the act of 1935, the provisions of the latter act (1935) prevail. It has long been settled in Tennessee that a municipal charter is subject to repeal or amendment at the will of the legislature. Two recent decisions of this Court, referring to earlier cases, are *Bell v. Town of Pulaski,* 182 Tenn. 136, 184 S. W. (2d) 384, and *Corporation of Sevier-*

*ville* v. *King*, 182 Tenn. 143, 184 S..W. (2d) 381. See also *Hill* v. *Roberts*, 142 Tenn. 215, 217 S. W. 826, and cases cited to the effect that the legislature may itself act directly for a municipality or authorize such an entity to exercise its delegated powers in such manner as the legislature thinks best.

This brings us to the consideration of the constitutionality of Chapter 33 of the Acts of the First Extra Session of 1935 and of Chapter 230 of the Acts of 1937. All relators' other assignments of error are confined to this question.

The caption of the Act of 1935 is in these words:

"An Act providing for the acquisition, purchase, construction, reconstruction, improvement, betterment, extension, operation and maintenance of revenue-producing public works by any incorporated city or town; authorizing and regulating the issuance of revenue bonds for financing such public works; and providing for the payment of such bonds and the rights of holders thereof."

The first sentence in Section 5 runs thus:

"That the construction, acquisition, reconstruction, improvements, betterment or extension of any public works may be authorized under this Act and bonds may be authorized to be issued under this Act to provide funds for such purpose or purposes by resolution or resolutions of the governing body which may be adopted at the same meeting at which they are introduced by a majority of all the members thereof then in office and shall take effect immediately upon adoption."

Section 18 is in these words:

"That the powers conferred by this Act shall be in addition and supplemental to, and the limitations imposed by this Act shall not affect, the powers conferred by any other general, special or local law. Public works

may be acquired, purchased, constructed, reconstructed, improved, bettered, and extended, and bonds may be issued under this Act for said purposes, notwithstanding that any general, special or local law may provide for the acquisition, purchase, construction, reconstruction, improvement, betterment and extension of a like public works, or the issuance of bonds for like purposes, and without regard to the requirements, restrictions, limitations or other provisions contained in any other general, special or local law, including, but not limited to, any requirement for the approval by the voters of any municipality.''

The argument is that there is no reference either in the title or body of the Act of 1935 to the sections of the charter of Knoxville relating to ordinances and referendum of which sections it is said the Act of 1935 effects a repeal. The statute is thus said to transgress so much of Section 17 of Article 2 of the Constitution as provides: ''All acts which repeal, revive or amend former laws, shall recite in their caption or otherwise, the title or substance of the law repealed, revived or amended.''

The Act of 1935, neither in caption nor body, purports to repeal nor amend any previous law. It does not even contain the usual though innocuous final paragraph to the effect that all laws in conflict are hereby repealed.

If a repeal of any section of the charter of Knoxville is accomplished by the Act of 1935, it is a repeal by implication. It has been settled in this jurisdiction since *Home Insurance Co.* v. *Taxing District,* 72 Tenn. 644, that acts which do not purport to repeal or amend former laws but merely effect a repeal by implication need not make reference to the earlier enactments. See also *Kelly & Co.* v. *State,* 123 Tenn. 516, 550, 551, 132 S. W. 193, and

516

*Southern Ry. Co.* v. *Memphis*, 126 Tenn. 267, 291, 292, 148 S. W. 662, 41 L. R. A. (N. S.), 828, Ann. Cas. 1913E, 153.

█ We accordingly find the Act of 1935 to be free from the objection urged against its validity.

█ The bill alleges, and it was argued at the bar, though not stressed in brief, that the amendatory statute, Chapter 230 of the Acts of 1937, contains matter not within its title nor within the title of the Act of 1935 which it amends.

Chapter 230 of the Acts of 1937 is expressly amendatory. Its caption is as follows:

"An act to amend and repeal in part an Act entitled 'An Act providing for the acquisition, purchase, construction, reconstruction, improvement, betterment, extension, operation and maintenance of revenue-producing public works by any incorporated city or town; authorizing and regulating issuance of revenue bonds for financing such public works; and providing for the payment of such bonds and the rights of holders thereof.' Being Chapter 33 of the Public Acts of 1935, Extra Session, as respects its title and Sections 4, 14, 17, and 20 thereof."

That portion of the Act said to fall without its title and without the title of the original Act is Section 5, in these words:

"That Section 20 of said Revenue Bond Act of 1935, which section reads as follows:

" 'Section 20. Termination of Power to Issue Bonds. Be it further enacted, That except in pursuance to any contract or agreement theretofore entered into by any municipality, no municipality shall borrow any money or deliver any bonds pursuant to this Act to the purchaser or purchasers thereof after June 30, 1937,' be and the same is hereby stricken and repealed."

It is contended that nothing in the caption of the Act of 1937 gave notice of the removal of the limitation of time in which bonds might be issued imposed by Section 20 of the Act of 1935. We do not find merit in this contention.

The Act of 1937 recites in its caption the title of the Act of 1935 which it undertook to amend. It furthermore enumerated the sections of the original Act which it intended to alter or repeal. It was not necessary to detail the changes contemplated if they fell within the title of the Act of 1935. This Court has so decided many times. A late case collecting previous decisions is *Tennessee Electric Power Co.* v. *City of Chattanooga,* 172 Tenn. 505, 517, 114 S. W. (2d) 441.

The substance of the Court's rulings on this point is that when apt reference is made to the original act anything may be included in the amendatory act which was germane to the subject of the original act. This, without specification of the new matter in the title of the amending statute.

Referring particularly to the words employed in Section 17 of Article 2 of the Constitution, it is there provided that the subject of the act shall be expressed in its title and that amendatory and repealing acts shall recite the title or substance of the act repealed or amended. The operative period of a statute has not been regarded as part of its subject, title or substance. We do not recall a statute in which the title indicated when the act should go into effect or when its life should cease. But regardless of this, under its title, the Act of 1935 might have omitted the limitation contained in Section 20 and under apt reference to that title Section 5 of the Act of 1937 did nothing more.

The City of Knoxville has filed assignments of error to the action of the chancellor in pretermitting or overruling certain grounds of its demurrer. In the view we have taken of the case, these assignments raise no material question and need not be considered.

The decree of the chancellor is affirmed with costs.