Jones *v.* Memphis.

---

JONES *v.* MEMPHIS.

*(Jackson.*   June 11, 1898.)

1. CONSTITUTIONAL LAW.   *Exemption of territory added to city from taxes.*

The constitutional requirement of equal and uniform taxation is violated by a statutory provision exempting, for a period of ten years, from taxation for current expenses and future wants, *e. g.*, police, fire, and lighting purposes, of new territory added to a city, at the same time leaving the old city liable to taxation for these purposes, although it further provides that the new territory shall not have, during said period, the benefit of police, fire, and light protection.   This principle does not, however, forbid the protection of the new territory against taxation for the debt of the old city.   *(Post, pp. 191–193.)*

Constitution construed: Art. II., §§ 28, 29.

Cases cited and approved: Taylor *v.* Chandler, 9 Heis., 366; Reelfoot, etc., Dist. *v.* Dawson, 97 Tenn., 151; Keezee *v.* Board, 6 Cold., 127.

2. SAME.   *Discriminating statute.*

A statutory provision that withholds absolutely for the period of ten years from newly added territory the advantages of police, light, and fire protection enjoyed by the old city is unconstitutional, although it further provides that the new territory shall be exempt from taxation for these purposes during said period.   *(Post, pp. 193, 194.)*

3. STATUTES.   *Void in part, void in toto.*

A scheme for adding territory to a city, embodied in several statutes passed contemporaneously, providing, among other things, for sewers and waterworks, and which would not have been passed had a provision not been inserted exempting the added territory from taxation of a certain kind for a certain period, must go down if the provision for exemption is found to be unconstitutional.   *(Post, pp. 194–196.)*

Jones v. Memphis.

4. SAME. *General rule where they contain unconstitutional provisions.*

Where a single statute, or several statutes constituting one
scheme, contain one or more unconstitutional provisions, the
obnoxious provisions will be eliminated and the statute or
scheme sustained as to the rest, unless the provisions are
deemed so essential and are so interwoven with others, that it
cannot be reasonably presumed that the Legislature intended
the statute to operate otherwise than as a whole, and, in that
event, the entire statute or scheme falls.  (*Post, p. 195.*)

Cases cited: State *v.* Scott, 98 Tenn., 256; Reelfoot, etc., Dist. *v.*
Dawson, 97 Tenn., 151; Tillman *v.* Cocke, 9 Bax., 429; 158 U. S.,
601.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County.
STERLING PIERSON, Ch.

CARROLL & McKELLAR and W. W. McDOWELL
for Jones.

JNO. H. WATKINS and METCALF & WALKER for
City of Memphis.

WILKES, J.   This bill is brought to test the
validity and constitutionality of certain Acts of the
General Assembly of Tennessee, passed at its extra
session, 1898.   It is filed by a number of persons,
some of whom are nonresidents of the State, but
interested in the questions presented.   Others reside
in the territory annexed by the Acts to the city of
Memphis, others own property therein, and still
others do business within the limits, while the prin-
cipal defendant, Mrs. Chas. Jones, owns what is styled

in the record a Flippin bond, and presents a question specially affecting her interests as well as that of others holding similar bonds.

The defendants are the city of Memphis, its Mayor, Vice Mayor, Fire and Police Commissioners, Board of Public Works, the Trustee of Shelby County and Collector of City Taxes, and the City Register, and the bill points out in detail the objections to the validity of the Acts.

There is a demurrer to the bill, setting out, under separate heads and subheads, grounds in support of the Acts and objections to the bill. This demurrer was acted upon in the Court below. The learned Chancellor was of opinion that Sections 3 and 4 of Chapter 6 of the Acts of the Extra Session of 1898 were unconstitutional and invalid, but that they could be eliminated from the Act, leaving the remaining portions valid and in force. He was also of opinion that the proposed action of the City Council in the issuance of bonds of the city, imposing a general liability upon the city for waterworks and sewerage purposes, was illegal, and so much of the Acts as authorized the issuance of such bonds was unconstitutional, as impairing the security of the Flippin bonds, but that such bonds could be issued with a limited liability, and with a lien upon the improvements added, according to the provisions of the Act.

Complainants and defendants have appealed, and the questions raised by the pleadings are before this Court for adjudication, and, owing to the magnitude

of the interests involved, and the importance of the questions raised to a large portion of the public, the cause has been advanced upon the docket for a speedy hearing and determination.

The first objection to the Acts is that they seek to impose a different rate of taxation upon the old and new territory within the same municipality, and the objection is based upon Sections 28 and 29 of Article II. of the Constitution of Tennessee.

By Section 28 it is provided: "All property shall be taxed according to its value, that value to be ascertained in such manner as the Legislature shall direct, so that taxes shall be equal and uniform throughout the State. No one species of property upon which a tax may be collected shall be taxed higher than any other species of property of the same value."

By Section 29 it is provided: "The General Assembly shall have power to authorize the several counties and incorporated towns in this State to impose taxes for county and corporation purposes, respectively, in such manner as shall be prescribed by law; and all property shall be taxed according to its value, upon the principles established in regard to State taxation."

The argument for complainants is that a State tax must be equal and uniform throughout the State; that a county tax must be equal and uniform throughout the county; and that a city tax must be equal and uniform throughout the city.

The Chancellor thought this proposition was well founded, basing his conclusion upon the language of the cases of *Taylor, McBean & Co.* v. *Chandler*, 9 Heis., 366, 367; and *Reelfoot Lake Levee District* v. *Dawson*, 13 Pickle, 151. He was, therefore, of opinion that the third and fourth sections of Chapter 6 of the Acts of the extra session were invalid, because they exempt the annexed territory from taxation for police, fire, and light purposes for a period of ten years, while during the same period, and for like purposes, the original territory is to be taxed, taxation for current purposes being thus made unequal in different parts of the same municipality. In this connection, also, attention is called to the fact that during this period the annexed portion is not to receive the benefit of police, fire, and light protection.

The learned Chancellor was of opinion there was a broad difference between providing for the debt of the old city, which could remain a tax upon that portion of the city alone which created it, and a new debt to be created upon the enlarged city, the argument being that, as to the latter, taxes must be equally laid upon every portion of the city, while as to the former, taxes might remain alone on the old city, and in this view he was clearly correct.

The Chancellor was, however, of opinion that the complainants could not successfully assail the entire Act, inasmuch as the objectionable sections relating to taxation and exemptions might be eliminated from

the Act, and the remaining sections might remain, which provide for the addition to the city, and relate to the liability for the original debt of the city—in other words, that by these sections the new territory might be brought into the city limits, but the unconstitutional method of taxation for current and future purposes might be declared invalid, without affecting the right to annex the territory.

This Court is of opinion that Sections 3 and 4 of Chapter 6 are clearly unconstitutional and void, inasmuch as they exempt the annexed territory from taxes for fire, light, and police protection for ten years, and for the same time expressly prohibit the district from having the advantages of this protection.

The Court is of opinion that taxation must always be uniform and equal throughout the extent of the same jurisdiction; that State taxes must be equal and uniform throughout the State; that county taxes must be equal and uniform throughout the county, and that a city tax must be equal and uniform throughout the city, so far as revenues for current expenses or future wants are concerned, and that this principle is fully sustained and illustrated in the cases of *Taylor, McBean & Co.* v. *Chandler*, 9 Heis., 366; *Reelfoot Lake* v. *Dawson*, 13 Pickle, 151; *Keezee* v. *Civil Dist. Board*, 6 Cold., 127, and a number of other cases.

So, also, if a portion of territory is annexed to and becomes a part of a city, it is entitled to all the benefits extended by the city to any other portion—

tion, and while it may not, in all instances, be necessary to furnish at once the same advantages and conveniences to each and every locality in the city, still an Act which prescribes that it shall not have such advantages at all, or for a given time, is not valid, and cannot be sustained.

The logical result of the contrary holding as to taxation would be that in every city taxes might be different in different wards and on different streets; in every county taxes might be different in every civil district; in the State taxes might be different in every county and in each division—all clearly in violation of the Constitution and our whole theory of equal and uniform taxation. So, also, it cannot be maintained that a section of territory may be brought within the city limits, and made part of the city, and yet be excluded, by express enactment, from the benefits extended to other portions of the city. Fire, light, and police protection are necessary, to a greater or less extent, throughout the entire city, and cannot be excluded, by positive legislation, when the needs of the locality may demand and the funds of the city may warrant their supply. This being so, the question arises whether these sections may be eliminated and stricken out of the Act so as to leave the remainder of it valid and constitutional. It is evident that the different portions of this Act, as well as the several Acts passed in pursuance of the same general purpose, are parts and parcels of one general system and plan, and that

the whole legislation is so framed that each part is dependent upon the other and essential to it, and was an important element in its passage as a law.

The rule is, that when the provisions of an Act are so interdependent as to raise the presumption that the Legislature intended the Act to operate as a whole, and would not have enacted the valid provisions alone, the entire statute must be adjudged invalid. *State* v. *Scott,* 14 Pickle, 256; *Dawson* v. *Reelfoot Lake District,* 13 Pickle, 151; *Tillman* v. *Cocke,* 9 Bax., 429; *Pollock* v. *Farmers' Loan Co.,* 158 U. S., 601.

It is impossible to look at these several Acts and their provisions separately and as a whole, without concluding that the Legislature considered the matter as a whole, and thus acted upon it, and so intended the Acts to operate; and that it would not have passed the Acts if these invalid features had been omitted. The territory would not have been admitted but for the provisions of Sections 3 and 4, and the other Acts providing for sewers and waterworks would not have been passed if the territory had not been annexed. We cannot view these third and fourth sections but as important links in one chain, and if they had not been inserted, the whole scheme and plan must have failed. This being so, the entire Act, Chapter 6, must be held invalid, and along with it must go the other Acts, Chapters 13 and 14, providing for sewerage, waterworks, and the taxation of the annexed territory, as they are inter-

woven with and dependent on each other. Chapter 15, repealing the charter of Idlewild, is not involved in the pleadings of this case, and as to it we express no opinion. The result is that the entire Act, Chapter 6, and the other Acts, Chapters 13 and 14, dependent upon it, are declared unconstitutional and invalid, and of no effect, and this being a final disposition of this question upon its merits, the City Council is enjoined from putting the same into operation and effect, or issuing any bonds or collecting any tax, or making any additions or improvements thereunder.

The cause will be remanded to the Court below for such action as may be proper in regard to the refunding of taxes already paid, inasmuch as we do not consider that question properly before us in disposing of the case on demurrer. The city will pay the costs of the case. It is useless to pass upon the other questions raised, though they have been considered.