ALLEN *et al. v.* BOARD OF MAYOR AND ALDERMEN OF
SMITHVILLE.

(*Nashville.* December Term, 1917.)

**STATUTES. Partial invalidity.**

> Priv. Acts 1917, chapter 753, granting a charter to Smithville, is
> void as a whole, in that section 1 thereof, a provision of vital
> importance, provides, contrary to Constitution, article 2, sections
> 28, 29, as to  taxes throughout the State being uniform, that
> not more than one acre of lands included within boundary and
> used for farming purposes shall be taxable.

Acts cited and construed: Acts 1917, ch. 753.

Cases cited and approved: Jones v. Memphis, 101 Tenn., 188;
Taylor, McBean & Co.' v. Chandler, 56 Tenn., 366; Reelfoot Lake
v. Dawson, 97 Tenn., 151; Keesee v. Civil Dist. Board, 45 Tenn.,
127; Malone v. Williams, 118 Tenn., 391.

Constitution cited and construed: Art. 2, secs. 28, 29.

FROM DE KALB.

Appeal from the Chancery Court of De Kalb County.
—HON. A. H. ROBERTS, Chancellor.

WADE, COOPER & FLOYD, R. L. TURNER and J. A.
GOTHARD, for appellants.

P. C. CROWLEY, for appellees.

MR. JUSTICE FENTRESS delivered the opinion of the Court.

The bill in this cause seeks to have adjudged unconstitutional and void chapter 753 of the Private Acts 1917, which granted a. charter to Smithville, the county seat of De Kalb county. The chancellor sustained the bill, and adjudged the act unconstitutional, and the defendants appealed to this court.

Complainants allege that they are citizens and taxpayers in the territory covered by the act, and filed their bill on behalf of themselves and all the other citizens and taxpayers similarly situated, against the defendants named, who hold the offices of mayor and aldermen of the town of Smithville, seeking to restrain the defendants from performing the functions of their respective offices, upon the ground that the act of the legislature creating the corporation, as heretofore stated, is invalid.

Subsequent to the passage of the act, pursuant to section 20 thereof, which made the effectiveness of the act dependent upon a favorable vote of a majority of the qualified voters, an election was held by the electors of the territory covered thereby, and they adopted the charter created by the act.

After defining the boundaries of the territory to be included by the corporation, it is provided in section 1 as follows:

"Provided, however, that not more than one acre of any lands included in said boundary and used for

farming purposes shall be taxable under this act, but
said one acre shall include the dwelling houses and
barns on said farms.''

The bill avers that the corporate limits extend two
miles or more from the business portion of the town,
and include large bodies of farming lands.

We think this provision renders the entire act void.
In *Jones* v. *Memphis,* 101 Tenn., 188, 47 S. W., 138, an
act of the General Assembly which extended the limits
of the city of Memphis was attacked. By this act it
was provided that for a certain period of time the
annexed territory should be exempt from the current
rate of taxation. This court held that the act was
violative of sections 28 and 29 of article 2 of the
Constitution of the State, which provide, in substance,
that taxes throughout the State shall be equal and uni-
form. This court, in applying these provisions of the
Constitution to the act under examination, said:

''The court is of opinion that taxation must always
be uniform and equal throughout the extent of the
same jurisdiction; that State taxes must be equal and
uniform throughout the State; that county taxes must
be equal and uniform throughout the county, and that
a city tax must be equal and uniform throughout the
city, so far as revenues for current expenses or future
wants are concerned; and that this principle is fully
sustained and illustrated in the cases of *Taylor,
McBean & Co.* v. *Chandler,* 9 Heisk. (56 Tenn.), 366,
(24 Am. Rep., 308); *Reelfoot Lake* v. *Dawson,* 13
Pickle (97 Tenn.), 151, (36 S. W., 1041, 34 L. R. A.,

725); *Keesee* v. *Civil Dist. Board,* 6 Cold. (45 Tenn.), 127, and a number of other cases."

Speaking further, the court said:

"The logical result of the contrary holding as to taxation would be that in every city taxes might be different in different wards and on different streets; in every county taxes might be different in every civil district; in the state taxes might be different in every county and in each division—all clearly in violation of the Constitution and our whole theory of equal and uniform taxation."

See, also, *Malone* v. *Williams,* 118 Tenn., 391, 103 S. W., 798, 8 L. R. A. (N. S.), 590, 12 Ann. Cas., 707.

It is insisted, however, that this provision of the act does not affect the integrity of the charter as a whole, and therefore it can be elided. We are of the opinion that the objection is fatal to the act. We cannot say that if this provision had been omitted that the legislature would have passed it. In *Jones* v. *Memphis,* supra, the contention was likewise made that the provision exempting the territory, added to the municipality, from taxes, could be elided, and the act saved, but this court refused to presume that the legislature would have passed the act with this provision eliminated. It is patent here that this exemption provision is a matter of vital importance. Lands used for farming purposes cannot ordinarily bear the burden of town or city taxes. Furthermore, this court cannot guess as to how the electors would have voted, on the question as to whether or not the charter

should be accepted, if this provision of the act had been omitted. It is quite probable that it was an important factor in influencing the votes of those who expressed a choice in the election. It is improbable that the electors who owned land in the territory covered by the act, which was used for agricultural purposes, would have voted to impose taxes on their property to build and maintain distant urban improvements.

The decree of the chancellor is affirmed.