## BELL *v.* TOWN OF PULASKI.

*(Nashville,* December Term, 1942.)

Opinion filed January 30, 1943.

R. E. DOTSON, of Pulaski, for appellant.

DAVID RHEA, of Pulaski, for appellee.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The question before the court is the constitutionality of Chapter 522, Private Acts 1939, the title of which is as follows: "A Bill to be entitled: An Act to repeal Section 2 of Article 1 of Chapter 269 of the Private Acts of 1903 and the amendments thereto, same being Chapter

367 of the Private Acts of 1905 and Chapter 551 of the Private Acts of 1907, the caption of which is as follows: 'An Act to incorporate the Town of Pulaski, in the County of Giles, State of Tennessee, and the inhabitants thereof, to define the boundaries, and provide for the government thereof.' "

Chapter 269, Acts 1903, and the amendments thereto constitute the charter of the Town of Pulaski. Section 2 of Chapter 269, Acts 1903, sets forth and defines the corporate limits of the town. Section 1 of Chapter 522, Private Acts 1939, is as follows: "Section 1. Be it enacted by the General Assembly of the State of Tennessee, That Section 2 of Article 1 of Chapter 269 of the Private Acts of 1903 and the amendments thereto, being Chapter 367 of the Private Acts of 1905 and Chapter 551 of the Private Acts of 1907, the caption of which is quoted in the caption hereof, be and the same hereby is repealed and the following Section substituted in lieu thereof:"

Section 2 of the Act, sets forth and defines the corporate limits of the town.

It is objected by appellant that the Act here under investigation is, among other reasons, unconstitutional because violative of Section 17, Article 2, of the Constitution of Tennessee. The pertinent part of the Section of the Constitution is as follows: "No bill shall become a law, which embraces more than one subject; that subject to be expressed in the title."

The subject expressed in the title of Chapter 522, Private Acts 1939, is "to repeal Section 2 of Article 1, of Chapter 269, of the Private Acts 1903." The body of the Act provides that Section 2 of said Act "be and the same hereby is repealed and the following Section substituted in lieu thereof." Thus the subject expressed

in the body of the Act is broader than its title in that it seeks to substitute for the repealed Section of Chapter 269, Acts 1903, new legislation defining the corporate limits of the town, a subject not expressed in the title.

It is obvious that the description of the corporate limits of the town contained in the Act of 1939, cannot be elided, because to do so would leave the town without any corporate boundaries, the old boundaries being repealed. The Act cannot stand without the corporate limits being defined. But that being a subject not expressed in the title, the whole Act is thereby rendered unconstitutional and void.

We have no reported case in Tennessee, so far as our research has revealed, where a statute shows amendments, as here, and where the title shows repeal. However, the reverse of this situation was passed upon in *Malone* v. *Williams*, 118 Tenn., 390, 441, 442, 103 S. W., 798, 811, 121 Am. St. Rep., 1002. The court said, ''In the second place, we deem it quite true that if the caption of an act shows that it was intended by the Legislature as an amendatory act, while the body shows it, in direct terms, or express terms, to be a repealing act, such act must be held void under the doctrine of *Murphy* v. *State,* 77 Tenn. (9 Lea), 373.'' In *Murphy* v. *State* it was held that an act entitled ''an act prescribing a mode by which municipal corporations may surrender or abolish their charters,'' was unconstitutional because in violation of Section 2, Article 17, of the Constitution, it contains provisions for amending the charters of municipal corporations, in addition to those for abolishing the charters of such corporations.

The chancellor was in error in holding Chapter 522, Private Acts 1939, to be an amendatory Act and valid. Reversed. Defendant will pay the costs of the cause.