BELL *v.* TOWN OF PULASKI.

(*Nashville,* December Term, 1944.)

Opinion filed January 6, 1945.

R. E. Dotson, of Pulaski, for complainant-appellant.

David Rhea, of Pulaski, for defendant-appellee.

Mr. Chief Justice Green delivered the opinion of the Court.

The bill in this case attacked the constitutionality of Chapter 98 of the Private Acts of 1941. The chancellor held the Act valid with the exception of one section, but held complainant not adversely affected by that section. Complainant has appealed.

The Act was one which enlarged the boundaries of Pulaski and we assume the complainant is the owner of land formerly outside the corporate limits but added thereto by the statute.

The title of the Act is as follows:

"An Act to be entitled: 'An Act to amend Chapter 269 of the Private Acts of 1903 and the amendments thereto, the same being Chapter 367 of the Private Acts of 1905, and Chapter 551 of the Private Acts of 1907, the caption of which is as follows: ''An Act to incorporate the Town of Pulaski, in the County of Giles, State of Tennessee, and the inhabitants thereof, to define the boundaries, and provide for the government thereof,'' and extend ward boundaries, and repeal all laws in conflict herewith.' ''

The Act of 1903, chap. 269, provided a charter for Pulaski and the amendatory Acts merely changed the boundaries of the town fixed in the first Act.

Section 1 of the Act of 1941 provides that certain sections of the three previous Acts ''be and the same are hereby amended by striking out of said Sections all of the provisions embodied and contained therein and substituting and inserting in lieu thereof the following provisions.''

Then this follows: ''That the corporate limits of the Town of Pulaski shall embrace the territory within the following boundaries, to-wit: Lying and being in the Seventh Civil District of Giles County, Tennessee, described more particularly as follows:'' continuing with a description by metes and bounds of what is intended to be the new boundary lines of the corporation of Pulaski.

As we understand it, the Act of 1941 keeps within the town limits all the territory before embraced and merely adds new territory thereto.

It is first said that the Act violates Section 17 of Article II of the Constitution in that it is a repealing statute, while according to the caption it is an Act to amend previous Acts fixing the corporate boundaries. The argument is that this statute which strikes out sections of previous statutes fixing municipal boundaries is a

repeal of those statutes to that extent and not an amendment of them.

We do not find merit in this contention. Indeed it is directly in conflict with the clear implication of the previous decision of this Court in *Bell* v. *Town of Pulaski,* 179 Tenn. 542, 167 S. W. (2d) 985. In that case a similar Act was before us, Chapter 522 of the Private Acts of 1939. That Act was entitled just as Chapter 98 of the Acts of 1941 is entitled except that the subject of the earlier Act was given as "An Act to repeal Section 2 of Article 1 of Chapter 269 of the Private Acts of 1903 and the amendments thereto," instead of "An Act to amend Chapter 269 of the Private Acts of 1903 and the amendments thereto." Both Acts provided that the boundary sections of the previous statutes should be stricken out and a new boundary section inserted in lieu.

In *Bell* v. *Town of Pulaski, supra,* the Court held that the Act of 1939 was an amendatory Act and was not valid under a title describing it as a repealing Act. The Act of 1941 was evidently passed to meet the constitutional difficulty found to exist in the Act of 1939. We understand that substantially the same new territory was added to the corporate limits in both pieces of legislation. We think the Act of 1941 is plainly an amendatory Act. As said in 25 Ruling Case Law, page 905, "An act is amended when it is in whole or in part permitted to remain, and something is added to or taken from it, or it is in some way changed." The Act before us permits the charter of Pulaski embraced in previous Acts to stand almost intact, only the boundaries of the town are extended or changed.

Amendment by substitution is a common legislative practice, striking certain language from the original Act and inserting other language in place of that stricken.

Such practice is recognized as permissible in repeated decisions of this Court, indeed, so far as we are advised, has not heretofore been seriously challenged. *Wright* v. *Cunningham*, 115 Tenn. 445, 453, 91 S. W. 293; *Cole Mfg. Co.* v. *Falls*, 92 Tenn. 607, 22 S. W. 856; *Southern Ry. Co.* v. *Memphis*, 126 Tenn. 267, 148 S. W. 662, 41 L. R. A. (N. S.), 828, Ann. Cas. 1913E, 153; *State* v. *Collier*, 160 Tenn. 403, 23 S. W. (2d) 897.

The next constitutional objection made to Chapter 98 of the Private Acts of 1941 is more serious. Section 3 of the Act is in these words:

"Be it further enacted, That Chapter 269 of the Private Acts of 1903 be and the same is hereby further amended by adding at the end of Section 1 of Article 7, the following provision:

" 'That all farm lands, or lands used for agricultural purposes, or pasture lands, located within the City limits of the Town of Pulaski are hereby exempt from taxation by said Town. Provided, however, that this section shall not apply to what is commonly known and called city or home gardens, and shall not apply to any residence, or business house, or business improvements.' "

Obviously this section is invalid, in conflict with Sections 28 and 29 of Article II of the Constitution, which sections provide for uniformity in taxation. *Allen* v. *Board of Mayor & Aldermen of Smithville*, 140 Tenn. 418, 205 S. W. 124; *Jones* v. *Memphis*, 101 Tenn. 188, 47 S. W. 138; *Malone* v. *Williams*, 118 Tenn. 390, 391, 103 S. W. 798, 121 Am. St. Rep. 1002.

We do not have before us the somewhat unsettled question as to whether there can be elision under Section 17 of Article II—the one-subject clause of the Constitution. Elision is here suggested because Section 3 transgresses the tax provisions of the Constitution.

■ Ordinarily elision will not be sanctioned if the section of the Act which we are asked to cut out is in the nature of an exception or an exemption. In such a case the grave question arises as to whether the General Assembly would have enacted the legislation without the exception or exemption. It is often apparent that no such action would have been taken. The case before us is peculiar. The Act of 1941 is no long complicated piece of legislation. It only extends the municipal boundaries to take in some additional territory. The unlimited power of the Legislature to change municipal boundaries has been declared by this Court so many times for so many years that there could have been no doubt in the legislative mind as to the validity of the Act of 1941 in that respect. See *Town of Oneida* v. *Pearson Hardwood, etc., Co.,* 169 Tenn. 449, 88 S. W. (2d) 998; *McCallie* v. *Mayor, etc., of Chattanooga,* 40 Tenn. 317; *City of Memphis* v. *Memphis Water Co.,* 52 Tenn. 495; *Williams* v. *Nashville,* 89 Tenn. 487, 15 S. W. 364, and numerous other cases collected in 12 Michie's Dig. of Tenn. Rep. 31. ·

It is equally plain from the opinion of the Court in *Bell* v. *Town of Pulaski,* 179 Tenn. 542, 167 S. W. (2d) 985, that the only constitutional objection to this legislation was that the Act of 1939 described it as repealing instead of as amendatory—the exemption clause out of the way.

Such being the situation when this Act of 1941 was before the General Assembly, they included therein section 5 as follows:

"Be it further enacted, That the provisions of this Act are hereby declared to be severable. If any of its sections, provisions, exceptions, sentences, clauses, phrases or parts be held unconstitutional or void, the remainder of this Act shall continue in full force and effect, it being the legislative intent now hereby declared, that this Act

would have been adopted even if such unconstitutional or void matter had not been included therein.''

This is one of the broadest rescue clauses that has come under our notice. Among other things it expressly provides that if any ''exceptions'' are held unconstitutional the remainder of the Act shall continue in full force and effect.

Section 3 of the Act is in the nature of an exemption from the taxing power of the municipality. It is the only exception or exemption in the Act and indeed the only portion of the Act about the validity of which there could have been any doubt, and we can reach no other conclusion in view of section 5 but that the Legislature intended the remainder of the Act to stand even if section 3 went out. We think the paramount intention of the Legislature was to extend the boundaries of Pulaski. To exempt farm property in the added territory, if permissible, but at all events to extend the boundaries. When the Court can gather the paramount intention of legislative action, such intention will be given effect, although there exist some apparent obstacles. Section 3 of the Act of 1941 is accordingly elided.

The decree of the chancellor is affirmed.