STATE of Tennessee ex rel. Ray
BLANTON et al.

v.

J. M. DURHAM, d/b/a Battlefield
Liquor Store, et al.

Supreme Court of Tennessee.

Aug. 11, 1975.

William C. Koch, Jr., Asst. Atty. Gen., Nashville, for appellants; R. A. Ashley, Atty. Gen., Nashville, of counsel.

James W. Lincoln, III, Nashville, for appellees; Thomas A. Wiseman, Jr., Nashville, of counsel.

OPINION

HARBISON, Justice.

This case involves the constitutionality of Chapter 31 of the Public Acts of 1975, the purpose of which was to repeal earlier statutes dealing with price regulations on alcoholic beverages.

The action was instituted by a number of retail liquor dealers, alleging that Chapter 31 failed to meet the requirements of Article 2, Section 17, of the Tennessee Constitution, on the ground that the body of the Act was broader than its caption.

The Chancellor held that since the caption of the Act shows that it is a repealing statute only, and since the body of the Act contains language amending certain code sections rather than repealing them, the statute is unconstitutional. He cited and relied upon the case of *Bell v. Pulaski,* 179 Tenn. 542, 167 S.W.2d 985 (1943).

From the action of the Chancellor the State officials who were made parties defendant have duly perfected an appeal to this Court.

The constitutional provision involved is as follows:

"Bills may originate in either House; but may be amended, altered or rejected by the other. No bill shall become a law which embraces more than one subject, that subject to be expressed in the title. All acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended."

The caption of Chapter 31 of the Public Acts of 1975 is entitled:

"AN ACT to repeal Tennessee Code Annotated, Sections 57–701 through 57–707, relative to price regulations on alcoholic beverages."

The code sections referred to in the caption had their origin in Chapter 278 of the Public Acts of 1959 and have been the subject of some amending legislation in later years. They are properly referred to as the "fair trade" liquor laws, and generally regulate the price of retail sales of alcoholic beverages. The first five code sections deal with price regulations and provide penalties for violations. The sixth section, T.C.A. § 57–706, imposes a tax upon the wholesale sale of alcoholic beverages, the proceeds of which were directed to be spent by the Alcoholic Beverage Commission for the enforcement of the price regulation statutes. The last section, T.C.A. § 57–707, provides for regular audits of wholesalers and retailers, and deals with their record keeping and the examination of their books and records.

The legislation now under consideration, Chapter 31 of the Public Acts of 1975, is a very brief statute, consisting of two sections, the last section simply making the Act effective on July 1, 1975.

The first sentence of Section 1 repeals T.C.A. §§ 57–701 through 57–705 and the second subsection of T.C.A. § 57–707 (which requires duplicate invoices of sales to wholesalers to be furnished to the Commissioner of Revenue).

Section 1 of Chapter 31, however, goes further and amends a portion of T.C.A. § 57–706 (referred to in the statute as T.C.A. § 57–705 by typographical error, which is apparent on the face of the statute). The amendment leaves standing the former tax imposed on wholesale sales, and simply deletes from the previous statute the provision that the proceeds of the tax should be used by the Alcoholic Beverage Commission for the enforcement of the price regulation statutes. T.C.A. § 57–707 is also amended so as to delete any references to the enforcement of the price regulation statutes.

The result of Chapter 31, as enacted, was to repeal the price regulation statutes entirely, and to retain the tax on sales at wholesale, with the proceeds of the tax

going generally to the Alcoholic Beverage Commission, rather than being devoted to enforcement of the now-repealed pricing statutes.

The constitutional attack on Chapter 31 is predicated upon the proposition that there is no reference in the caption to the amendments to the taxing provisions of the former statutes. It is accordingly contended that the text or body of the Act is broader than its caption, and that, in effect, the text deals with two subjects while only a single subject is dealt with in the caption.

The history of Article 2, Section 17, of the Tennessee Constitution and the salutary purposes which it is designed to serve have been noted in a great number of previous decisions of this Court, and we do not believe it necessary to discuss them in detail here. Essentially, the constitutional provision requires that the title, or caption, of an act state the subject of the act, and that in the case of laws which repeal, revive or amend former laws, proper reference shall be made, in the caption or otherwise, to the title or substance of such former laws.

Basically, the purpose of this constitutional provision was to prohibit so-called "omnibus bills" and bills containing hidden provisions of which legislators and other interested persons might not have appropriate or fair notice. See *Armistead v. Karsch*, 192 Tenn. 137, 237 S.W.2d 960 (1951); *Haynes v. Sanford*, 185 Tenn. 576, 206 S.W.2d 796 (1947); *Palmer v. Southern Express Company*, 129 Tenn. 116, 165 S.W. 236 (1914); *State v. Hayes*, 116 Tenn. 40, 93 S.W. 98 (1905).

In the case relied upon by the Chancellor, *Bell v. Pulaski*, 179 Tenn. 542, 167 S.W.2d 985 (1943), the caption of a Private Act stated that the purpose of the Act was to repeal a number of previous acts dealing with the charter of the City of Pulaski. The text of the Act went further than a repeal, however, and undertook to set forth and define new corporate limits of the city. This Court held that the "one subject" provisions of the state constitution were violat-ed and that the body of the Act was broader than its caption. The entire Act was held unconstitutional.

It is apparent from an examination of the statute involved in the *Bell* case that the primary purpose of the legislature in enacting it was not to repeal previous statutes but to provide new boundaries for the municipality. In other words, the legislature affirmatively undertook to pass an entirely new and different statute under a caption which made no reference thereto, and under a caption which merely provided for a repeal of earlier private acts. The Court correctly concluded in that case that the statute under consideration did in fact involve two subjects and was in contravention of the constitutional provisions. There was no logical basis or method for eliding the offending part of the private act, since merely to give effect to the repealing portions and to elide the sections redefining the boundaries would have been to leave the city without any boundaries whatever. The Court could not rationally have concluded that the General Assembly would have passed the repealing provisions absent the other sections which were really the heart of the legislation.

We do not have such a situation in the present case. It is perfectly clear that the primary and overriding purpose of Chapter 31 of the Public Acts of 1975 was to repeal former pricing statutes on alcoholic beverages. This the Act did in no uncertain terms. Coupled with the original pricing statutes, however, as they had been codified, was the wholesale liquor tax, which the legislature obviously intended to leave in force and effect. Since the earlier statutes, however, had directed that all of the proceeds of the tax on wholesale sales be used for the purpose of enforcing the pricing statutes, and since the latter statutes had now been repealed, the General Assembly as a necessary and integral part of the repeal removed from the tax sections all language concerning expenditure of the proceeds. Had this not been done, there

would have been left a taxing statute, directing expenditure of the tax proceeds for a nonexistent purpose.

Upon consideration, therefore, it seems to us that Chapter 31 had only a single purpose, and dealt with only a single subject. It is clear from the caption of the Act that only those portions of the previous statutes "relative to price regulations" were intended to be repealed. This repeal was clearly accomplished. Incident to and as a necessary part of the repeal was the deletion of all language from the taxing statutes directing the expenditure of the tax proceeds to enforce the now repealed pricing laws.

We find no inconsistency in the provisions of Chapter 31, nor do we believe that the statute, taken as a whole, dealt with two different or separate subjects as contemplated by the State Constitution. None of the legislative practices sought to be prohibited by Article 2, Section 17 of the State Constitution are present here. There is no claim made, nor could there logically be a claim, that anyone interested in the subject matter of this legislation was or could have been misled by the caption. The code sections sought to be affected by Chapter 31 themselves actually embraced two subjects—that of the regulation of retail sales prices and a wholesale tax to provide proceeds for enforcement. The legislature clearly intended to repeal one of those two subjects, the pricing provisions, and to leave in force the wholesale tax. This it accomplished, and it left the tax in force, with the proceeds going generally to the uses of the Alcoholic Beverage Commission, rather than to the now non-existent purpose of enforcing retail pricing regulations.

Finding that there is only a single subject dealt with in Chapter 31, and that subject is adequately identified in the caption, we find no constitutional infirmity in Chapter 31. Accordingly we do not reach the question of whether portions of the chapter logically could be or should be elided therefrom. As stated, all that Chapter 31 purported to do, after accomplishing its primary purpose of repealing the pricing stat-

utes, was to make such minor changes as were consistent with the repeal and leave the wholesale liquor tax intact. The nature, amount and incidence of that tax were not changed in any manner, and its proceeds were simply diverted to the general purposes of the Alcoholic Beverage Commission, rather than being designated for a purpose no longer existing.

Although the appeal in this case was perfected and allowed as an interlocutory appeal under the provisions of T.C.A. § 27–305, the decree of the Chancellor provided that the decision of this Court should serve as the final judgment in the case. It accordingly results that the judgment of the Court below is reversed and the cause is dismissed at the cost of the appellees.

FONES, C. J., and COOPER, BROCK and HENRY, JJ., concur.