IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
(Heard at Johnson City, Tennessee)

FILED

December 10, 1997

Cecil W. Crowson
Appellate Court Clerk

**FOR PUBLICATION**

| | | |
|---|---|---|
| TENNESSEE MUNICIPAL LEAGUE, et al., | ) ) ) | **Filed:  December 10, 1997** |
| Plaintiffs/Appellants, | ) ) | Davidson Chancery |
| Vs. | ) ) ) ) | Hon. Irvin H. Kilcrease, Jr., Chancellor |
| BROOK THOMPSON, in his official capacity as the State Election Coordinator, et al., | ) ) ) ) | Supreme Court No.  01S01-9711-CH-00242 |
| Defendants/Appellees. | ) | |

**For Appellants, Tennessee Municipal League:**
George E. Barrett
Phillip A. Purcell
BARRETT, JOHNSON & PARSLEY
Nashville, Tennessee

**For Appellants, City of Memphis:**
Leo Bearman, Jr.
Allan J. Wade
David L. Bearman
BAKER, DONELSON, BEARMAN
 & CALDWELL
Memphis, Tennessee

**For Appellees, Brook Thompson, et al.:**
John Knox Walkup
Attorney General and Reporter

Michael E. Moore
Solicitor General

Michael W. Catalano
Associate Solicitor General

Ann Louise Vix
Senior Counsel
Office of the Attorney General
Nashville, Tennessee

**For Intervenor Appellees, David Sanders, David Lynn Ranson, James E. Blount, III, and James F. Leatherwood, III:**
Val Sanford
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
Nashville, Tennessee

Gordon B. Olswing
LAW OFFICES OF CHARLES R. PERKINS
Memphis, Tennessee

Lee L. Piovarcy
MARTIN, TATE, MORROW & MARSTON, PC
Memphis, Tennessee

**For Amicus Curiae, City of Elizabethton:**
Charlton R. DeVault, Jr.
Kingsport, Tennessee

**For Amicus Curiae, Town of Oakland:**
Edward B. Johnson
Somerville, Tennessee

# O P I N I O N

REVERSED.                                                                     Anderson, C.J.

We granted this expedited appeal pursuant to Tenn. Code Ann. § 16-3-201(d) to determine a question of unusual public importance - whether 1997 Tenn. Pub. Acts, ch. 98 ("the Act"), which dramatically changed requirements for municipal incorporation, violates the Tennessee Constitution. The Chancery Court held that the Act is constitutional. We conclude, however, that the Act violates Article II, §17 of the Tennessee Constitution and is, therefore, void because the body of the Act is broader than its restrictive caption. Accordingly, we reverse.

## BACKGROUND

During the 1997 legislative session, the General Assembly passed 1997 Tenn. Pub. Acts, ch. 98, which was signed into law by the Governor on April 16, 1997. The Act amended the municipal annexation provisions in Tenn. Code Ann. §§ 6-1-201, et seq. The caption of the Act provided as follows:

> **An ACT to amend Tennessee Code Annotated, Title 6, Chapter 1, Part 2; Title 6, Chapter 18, Part 1; and Title 6, Chapter 30, Part 1, relative to the distribution of situs-based tax collections after new municipal incorporations and the timing of elections to incorporate new municipalities.**

Sections 7 through 11 of the Act are of particular relevance to the issue of whether the body of the Act is broader than its caption. They provide as follows:

Specifically, Section 7 of the Act lowered the population requirement for municipal incorporation of territory of Tenn. Code Ann. § 6-1-201(a)(1) from 1,500 persons to only 225 persons.

Section 8 of the Act completely deleted Tenn. Code Ann. § 6-1-201(b)(1), which prohibited incorporation of a new municipality within three miles of an existing municipality or within five miles of an existing municipality with a population of 100,000 or more.

Section 9 of the Act replaced subsection (h) of § 6-1-201, and provided:

> Notwithstanding the requirements of §§ 6-1-202, 6-1-203, and 6-1-209, or any other provision of law to the contrary, the petition for incorporation may consist of a letter from a resident of the territory desiring to incorporate to the county election commission requesting that the question of incorporating the territory be placed on the ballot. The letter shall describe the exact boundaries of the proposed municipality and indicate the name of the proposed municipality. The letter shall be treated as a petition meeting all of the requirements of the law if such petition is filed with the county election commission before December 31, 1997.

Thus, a letter from a single resident may be used in lieu of a petition to incorporate and is to be treated as a petition meeting all the requirements of the law if filed before December 31, 1997. No plan of municipal services or five-year budget or projected tax rate is required as a part of the petition. In contrast, §§ 6-1-202, 6-1-203, and 6-1-209 had required a petition for incorporation signed by thirty-three and one-third percent (33 1/3%) of the registered voters of the territory to be incorporated, a plan of municipal services, a five-year budget with identified potential revenue and expenses, and a projected tax rate.

Section 10 of the Act added subsection (j) to Tenn. Code Ann. § 6-1-201 and provided that any territory that has conducted an election under this section before April 16, 1997, is deemed to have satisfied the requirements for incorporation. New subsection (j) also provided that any ordinance of annexation by another municipality for any territory within the corporate limits of such new municipality is void. Section 10 also added new subsection (k) to Tenn. Code Ann. § 6-1-201 and provides that, if a territory has proposed to be incorporated pursuant to Tenn. Code Ann. § 6-1-201 after January 1, 1996, that new municipality shall have priority over any annexation ordinance of an existing municipality which encroaches upon any territory of the new municipality.

Section 11 of the Act provided that sections 7 and 8 of the Act remain in effect for one year from the effective date of the Act, and that at the expiration of that one year period, the statutory language in place immediately before the Act took effect will be revived and will again be in effect.

On July 25, 1997, a suit was filed seeking a declaratory judgment that sections 7 through 11 of the Act are unconstitutional under various provisions of the Tennessee Constitution.[1]  The plaintiffs are the Tennessee cities of Memphis, Clarksville, Harriman, Pulaski, Jackson, Lakesite and Collegedale, and the Tennessee Municipal League.  The defendants are Brook Thompson, State Coordinator of Elections; the members of the Tennessee State Election Commission; and the members of the County Election Commissions of Shelby, Montgomery, Roane, Giles, Madison, and Hamilton Counties.  John Knox Walkup is sued in his official capacity as Attorney General.  Subsequently, the trial court allowed Forest Hills Associates and Dan B. Turley Company to intervene as plaintiffs in order to press their claim that the Act impairs contracts they had entered into.  Intervening defendants are individuals who filed or signed petitions to incorporate the Towns of Fisherville, New Berryhill, New Forest Hills, and Independence.

During the pendency of the trial court proceedings, an order was in effect restraining the holding of elections pursuant to the Act.  Subsequently, a hearing on the merits of this case was held on September 8, 1997, before Chancellor Irvin Kilcrease.

---

[1] In their complaint, the plaintiffs challenged the constitutionality of the Act as (1) violating the caption provision of Tenn. Const., Art. II, § 17; (2) violating Article II, § 18 of the Tennessee Constitution because it was not passed on three different days in each House; (3) impairing the obligation of the plaintiffs' contractual rights and retroactively depriving them of a vested right in violation of Article 1, § 20 of the Tennessee Constitution; (4) violating Article I, § 8 and Article XI, § 8 of the Tennessee Constitution because it suspends the general law for the benefit of individuals and violates equal protection; (5) violating Article XI, § 9 which provides that the General Assembly shall provide the exclusive methods by which municipalities may be created; and (6) violating Article I, § 5 of the Tennessee Constitution providing that elections are to be free and equal and the right of suffrage is not to be denied.

Following the hearing, the Chancery Court rejected all of the plaintiffs' claims and found the Act to be constitutional. The plaintiffs appealed to the Court of Appeals and filed a motion requesting that this Court use its "reach down" authority and assume jurisdiction of the appeal pursuant to Tenn. Code Ann. § 16-3-201(d). Because the issues presented are matters of unusual public importance in which there is a special need for expedited decision and which involve issues of constitutional law, this Court granted the Motion to Assume Jurisdiction and heard oral argument.

### The Caption Provision of Tenn. Const., Art. II, § 17

Article II, § 17 of the Tennessee Constitution provides:

> **Sec. 17. Origin and frame of bills. -** Bills may originate in either House; but may be amended, altered or rejected by the other. No bill shall become a law which embraces more than one subject, that subject to be expressed in the title. All acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended.

The caption of the Act at issue provides:

> An ACT to amend Tennessee Code Annotated, Title 6, Chapter 1, Part 2; Title 6, Chapter 18, Part 1; and Title 6, Chapter 30, Part 1, relative to the distribution of situs-based tax collections after new municipal incorporations and the timing of elections to incorporate new municipalities.

1997 Tenn. Pub. Acts, ch. 98.

The plaintiffs contend that this caption violates Article II, § 17 in three respects. They contend that the body of the Act is broader than its restrictive caption, that the Act embraces more than one subject, and that the body of the Act is in direct conflict with the caption. We agree that the body of the Act is broader than its restrictive caption.

-5-

The second and third sentences of Article II, § 17, which form the basis for the plaintiffs' arguments, were added when the Constitution of 1870 was adopted. They were not present in the two previous Constitutions of 1796 and 1834.

In 1872, in its first opportunity to construe the new language, this Court held that the language was mandatory. Cannon v. Mathes, 55 Tenn. 504, 518 (1872). We also held that if an act at issue embraces more than one subject or if the title does not express the subject of the act, the law is unconstitutional and invalid. Id. at 518-19. The Court further noted that the purpose of the provision was to "prevent surprise or fraud upon the Legislature, by means of provision in bills of which the titles gave no intimation, and which might therefere (sic) be overlooked, and carelessly and unintentionally adopted." Id. at 521.

The Constitutional language was "to prohibit so-called 'omnibus bills' and bills containing hidden provisions which legislators and other interested persons might not have appropriate or fair notice." State ex rel. Blanton v. Durham, 526 S.W.2d 109, 111 (Tenn. 1975). Nonetheless, the provision was to be liberally construed, so that the General Assembly would not be "unnecessarily embarrassed in the exercise of its legislative powers and functions." Memphis St. Ry. Co. v. Byrne, 119 Tenn. 278, 287, 104 S.W. 460, 461 (1907).

This Court also recognized early that titles to acts may be general and broad or restrictive and narrow, and that the legislature has the right to determine for itself how comprehensive the object of the statute will be. Moreover, if the title is general or broad and comprehensive, all matters which are germane to the subject may be embraced in the act. If the matters are naturally and reasonably connected with the subject expressed in the title, then they are properly included in the act. Id. at 288-289. See also Chattanooga-Hamilton County Hospital Authority v. City of Chattanooga, 580 S.W.2d 322, 326 (Tenn. 1979), and cases cited therein. If, on

the other hand, the legislature has adopted a restrictive title where a particular part or branch of a subject is carved out and selected, then the body of the act must be confined to the particular portion expressed in the limited title. Byrne, 119 Tenn. at 289, 104 S.W. at 461.

In the years shortly after the pronouncement in Cannon v. Mathes, there were numerous examples of acts which the Court declared void due to the restrictive nature of their captions and the broad nature of the body of the act. For example, in Jackson v. Weis & Lesh Mfg. Co., 124 Tenn. 421, 137 S.W. 757 (1911), the Court held that a caption entitled "[a]n act to make it unlawful to employ a child less than twelve years of age in workshops, mines, mills, or factories in this State" was restrictive. The Court held that the legislation at issue was void under Article II, § 17 because the text of the bill dealt with children 17 years of age and younger and was, therefore, broader than its limited caption. In Ledgerwood v. Pitts, 122 Tenn. 570, 125 S.W. 1036 (1910), the Court struck down a statute that described the selection process for presidential electors, the selection of delegates to a national convention and the formulation of party platforms when the caption was limited to "a compulsory system of legalized primary law, for the political nomination, to create the agencies for its operation and penalize its violation." The view has been followed. See, e.g., Armistead v. Karsch, 192 Tenn. 137, 143, 237 S.W.2d 960, 962 (1951)(finding unconstitutional an act which in its body provided benefits to widows of all city employees and to children and mothers under certain circumstances when the restrictive provision of the caption stated that the Act was "to provide certain benefits for widows of pensioned employees").

When a law is enacted to amend a previous enactment of the legislature, it is generally deemed consistent with Article II, § 17 if the caption recites the title or section of the law to be amended. State ex rel. Blanton v. Durham, 526 S.W.2d at 111; Pharr v. Nashville C. & St. L. Ry., 186 Tenn. 154, 160, 208 S.W.2d 1013, 1015

(1948). However, beginning in 1925 with the case of <u>Hays v. Federal Chemical Co.</u>, 151 Tenn. 169, 268 S.W. 883 (1925), this Court recognized that "[w]here the title of the amendatory act recites the title of the act to be amended and also specifies the amendments to be made, <u>the legislature is limited to the amendments specified and anything outside of these is void</u>." <u>Id.</u> at 175 (emphasis added). Chief Justice Grafton Green explained:

> If the title of an amending act merely indicates generally that amendments of the original act are to be made, then it rests upon all those affected by the original act to investigate, and see in what respects the original act is to be changed. If the title of the amending act, on the contrary, sets out the particular amendments that are to be made to the original act, it may be reasonably concluded that no amendments other than those stated are to be attempted. It would promote deception, if, under a caption undertaking to specify amendments to be made, other and different amendments were included in the body of the act.

<u>Id.</u> <u>See also</u> <u>Woods v. Phillips</u>, 558 S.W.2d 825, 829 (Tenn. 1977); <u>Tennessee Electric Power Co. v. City of Chattanooga</u>, 172 Tenn. 505, 517, 114 S.W.2d 441, 445 (1937).

Similarly, this Court has held that when the caption is restrictive in that it "relates" to a specific subject, the body of the act must be germane to the restrictive portion of the caption. The phrase "relative to" means "relevant to; concerning; about; corresponding to; in proportion to." <u>Webster's New World Dictionary</u> (2d ed. 1980). Thus, when used in the caption to an act, it has been held in several Tennessee cases to have a restrictive or narrowing effect. <u>See</u>, <u>e.g.</u>, <u>State v. Chastain</u>, 871 S.W.2d 661 (Tenn. 1994)(finding that caption stating "An Act to amend Tennessee Code Annotated, Title 55, Chapter 10, Part 4, and Title 53, Chapter 11, <u>relative to</u> the confiscation of motor vehicles of certain offenders" was a "narrow" caption); <u>Farris v. State</u>, 535 S.W.2d 608 (Tenn. 1976)(holding that body of act requiring that the trial judge charge the jury on parole consideration not germane

to a caption which referred to an amendment "<u>relative to</u> verdict and sentence in felony conviction").

Applying the foregoing principles to the case before us, it is apparent that the Legislature has employed the use of a "restrictive" caption in Chapter 98, Public Acts 1997. While the caption refers to only one overall subject[2], the amendment of Title 6, Chapter 1, Part 2; Title 6, Chapter 18, Part 1; and Title 6, Chapter 30, Part 1, it purports to amend the statutes "relative to" only two subparts: 1) the distribution of situs-based tax collections after new municipal incorporations; and 2) the timing of elections to incorporate new municipalities.

Sections 7 through 11 of the Act are not within the caption which is restricted to the above two specific subparts. Sections 7 through 11 reduce the population of territories that may incorporate from 1,500 to 225; repeal the prohibition against new incorporations within 5 miles of large cities and within 3 miles of smaller cities; relax the qualifying requirements for the petitioning of an incorporation election; grant territories proposing to incorporate after January 1, 1996, priority over "any annexation ordinance" of an existing municipality; and place time limitations on when portions of the Act will remain in effect. Although these provisions clearly amend the code sections referred to in the caption, they do not directly or indirectly relate to the "distribution of situs-based tax collections" or the "timing of elections to incorporate new municipalities."

Accordingly, Sections 7 through 11 of Chapter 98 of the 1997 Tennessee Public Acts are broader than and outside the caption of the Act, and, under the controlling authority discussed hereinabove, the Act must be declared void pursuant to Article II, § 17 of our state Constitution.

---

[2] Since the Act encompasses one subject, we reject the argument that the Act violates Article II, § 17 because it embraces more than one subject. We likewise reject the notion that the Act violates Article II, § 17 because the body of the Act is in direct conflict with its caption, except to the extent that the body is broader than the caption.

The purpose of Article II, § 17, is to prevent "surprise and fraud" and to inform legislators and the public about the nature and scope of proposed legislation. The constitutional purpose is effectively thwarted when a restrictive caption is employed and then legislation is adopted which is broader than the caption. In this case, although we are convinced the General Assembly's action was in good faith, the restrictive caption failed to adequately inform the members of the General Assembly and the citizens of this state about the nature and scope of the legislation that eventually passed.

## CONCLUSION

We therefore conclude that the Act violates Article II, § 17 of the Tennessee Constitution and is, therefore, void. Having reached this conclusion, all other issues are pretermitted. The judgment of the Chancery Court for Davidson County is reversed. Costs are taxed against the defendants.

_____
RILEY ANDERSON, Chief Justice


**CONCUR:**

Drowota, Reid, Birch, and Holder, JJ.